Ernest OSBORNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 49412.

Court of Criminal Appeals of Texas.

Feb. 19, 1975.

Barbara C. Crampton, Wichita Falls, for appellant.

Jim D. Vollers, State's Attorney, and David S. McAngus, and Larry Gist, Asst. State's Attys., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is theft of edible meat; the punishment, 180 days.[1]

Appellant contends the prosecutor committed reversible error during his cross-examination of appellant's character witness by asking the following questions:

"Q  Reverend Giddings, *do you know*, or have you heard that the defendant in this case, Ernest Osborne, on October 4th, of 1949, was charged with the offense of aggravated assault, in Wichita Falls, Texas?

[Appellant's attorney]: Your Honor, we are going to object to that—

\*　　\*　　\*　　\*　　\*　　\*

Q  [Prosecutor] *Did you know*, or have you heard that on August 21st of 1967, that the defendant in this case, Ernest Osborne, was charged with the offense of drunk and aggravated assault on a police officer, and a prohibited weapon, in Wichita Falls, Texas?

\*　　\*　　\*　　\*　　\*　　\*

Q  [Prosecutor] All right. *Did you know*, or have you heard that the defendant in this case on September the 4th, of 1969, was charged in Wichita Falls, Texas, with the offense of burgla-

ry of a residence at night, and assault with a deadly weapon?

\*　　\*　　\*　　\*　　\*　　\*

Q  [Prosecutor] You weren't aware of that? *Did you know* or have you heard that on May the 4th of 1970, that the defendant was charged in Wichita Falls, Texas, with the offense of assault with intent to murder?"

With commendable candor, our able Assistant State's Attorney[2] has conceded error in the event this Court decides that appellant's objection to the questions was specific enough and further concludes appellant did not waive the error during his questioning of the witness on re-direct examination.

■  We have concluded that the objection, in view of the nature of the question, is specific enough to preserve error. *Simpson v. State*, Tex.Cr.App., 493 S.W.2d 793, and *Webber v. State*, Tex.Cr.App., 472 S.W.2d 136.

■  An examination of the record reveals that after the prosecutor's cross-examination the appellant's attorney asked the witness if he was personally aware of any crime which the defendant had committed. He replied that he was not aware of any. Thereupon a discussion ensued between the prosecutor, appellant's attorney and the court concerning the meaning of the witness' answer. After the discussion, appellant's attorney pursued a new avenue of questioning. We are unable to conclude that the earlier error was thus waived.

The judgment is reversed and the cause remanded.

---

1. Appellant was indicted under the old penal code, but tried after the effective date of the new code. Under Acts 63rd Leg., 1973 Ch. 399, § 6(c) at 996, appellant may, as he did in the case at bar, elect to be sentenced under the new code.

2. The Honorable Larry Gist, presently Judge of Criminal District Court of Jefferson County.