Richard O. RODRIQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 48304.

Court of Criminal Appeals of Texas.

April 2, 1975.

In his plea for probation, the appellant argued:

"As far as considering, well, he is a big drug dealer here, or anything such as that, it sounds to me that we have kinda negated all that in that if that is true, why was he finding it necessary to work two jobs? But these are things that you have to sift through and you have to do this."

The record reflects that the following occurred during the argument of the prosecutor:

"Now, you think about what Richard Rodriquez [appellant] has done, the lives he has touched with the heroin he has helped disburse in this county, and my heart goes out to those young people, too —the young people in all our sections of town that have no future. They have no future because people like Richard Rodriquez has made heroin addicts out of them. He has touched more lives than a killer could do with the heroin he helps disburse.

"MR. SCOTT [appellant's counsel]: If it please the Court, we would object to this statement. There has been no evidence that the man disburses any heroin except to Mr. Salinas who submitted it into evidence.

"THE COURT: Overruled."

The State points to the fact that no motion was made for a mistrial. It was not necessary for appellant to move for a mistrial to preserve his contention for appellate review in light of the adverse ruling made by the court to his objection. See Gipson v. State, Tex.Cr.App., 503 S. W.2d 796; Newman v. State, Tex.Cr.App., 501 S.W.2d 94.

The State urges that the complained-of argument was invited by appellant's argument that he was not a big drug dealer. The record supports appellant's ar-

Marvin O. Teague (On appeal only), Charles M. Pribilski, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Gregory Laughlin, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for sale of heroin. Punishment was assessed by the jury at sixty-five years.

The record reflects that Agent Salinas of the Bureau of Narcotics and Dangerous Drugs testified that he purchased one ounce of heroin from appellant on March 16, 1972.

Among the grounds of error advanced by appellant, it is urged that the trial court erred in overruling his objection to an argument by the prosecutor at the punishment stage of the trial that was outside the record and injected inflammatory and prejudicial evidence before the jury.

gument that he worked at two jobs. The argument that "we have kinda negated" that appellant was "a big drug dealer" in that he found it "necessary to work two jobs" was a permissible inference from the evidence. While appellant's argument invited the prosecution to speak of the amount of heroin involved in the sale and mention any other evidence in the record from which an inference might be drawn that appellant was a "big drug dealer," it did not invite a response unsupported by the record relative to the number of lives appellant had touched "with the heroin he helps disburse." See and cf. Miller v. State, Tex.Cr.App., 479 S.W.2d 670; Griffin v. State, Tex.Cr.App., 481 S.W.2d 838; Turner v. State, Tex.Cr.App., 482 S.W.2d 277.

In Cazares v. State, Tex.Cr.App., 488 S.W.2d 110, evidence of one sale of heroin by defendant was introduced, and complaint was made to the prosecutor's argument in which defendant was referred to as a "dope peddler." This Court said,

" . . . we do not agree that mere references, standing alone, to a person as a 'drug pusher' or 'dope peddler' show that other sales were made by that person."

In the instant case, the fair import of the prosecutor's argument is that appellant had made sales of heroin to many people. Clearly, the evidence of one sale will not support such an inference.

Further, the quantity of heroin possessed and sold by appellant does not support a deduction that appellant had made other sales of heroin. See and cf. Powell v. State, Tex.Cr.App., 502 S.W.2d 705. We find that the prosecutor's argument placed before the jury new and harmful facts that were neither in evidence nor inferable from the evidence. In light of the punishment assessed, we cannot conclude that such error was harmless.

In view of our disposition of the foregoing ground of error, appellant's other contentions will not be discussed.

For the reason stated, the judgment is reversed and the cause remanded.

Opinion approved by the Court.