Roy THOMAS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 50405.

Court of Criminal Appeals of Texas.

Sept. 23, 1975.

Tom A. Boardman and Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Les Eubanks, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

The conviction is for sale of heroin; the punishment, assessed by the jury, ninety-nine years' imprisonment.

The sufficiency of the evidence is not challenged.

Appellant complains of the following argument, made by the prosecutor at the punishment stage, to which he objected:

"There was no remorse, no apology, nothing. This is the man that says he wants you to consider the affect (sic) upon him, the affect (sic) upon him. It is a reasonable deduction from the evidence, ladies and gentlemen, and your common sense as to the affect (sic) of heroin on people. How many people has that man affected?"

Appellant relies primarily on *Rodriquez v. State*, Tex.Cr.App., 520 S.W.2d 778, where the following argument was held to necessitate reversal:

"Now, you think about what Richard Rodriquez [appellant] has done, the lives he has touched with the heroin he has helped disburse in this county, and my heart goes out to those young people, too—the young people in all our sections of town that have no future. They have no future because people like Richard Rodriquez has made heroin addicts out of them. He has touched more lives than a killer could do with the heroin he helps disburse."

The State recognizes the similarity between the two arguments, but contends that in *Rodriquez*, supra, other sales were affirmatively imputed to the accused, whereas here, the remarks were not so strongly made.

The decision in *Rodriquez* does not turn upon the intensity of the argument, but rather the obvious effect of such strategy on the jury. Commissioner Davis, speaking for the Court, wrote in *Rodriquez* that "in light of the punishment assessed, the fair import of the prosecutor's argument is that appellant had made sales of heroin to many people." The prosecutor there, as here, was calling upon the jury to speculate as to other activities of the accused and consider them in reaching a decision. In the record before us, there is nothing to support the

inference that the appellant was responsible for affecting other lives with heroin.

Because of the improper argument, the judgment is reversed and the cause re-. manded.

Opinion approved by the Court.