William S. TURRENTINE, Appellant,

v.

The STATE of Texas, Appellee.

No. 51062.

Court of Criminal Appeals of Texas.

April 20, 1976.

Rehearing Denied May 19, 1976.

James P. Finstrom, Dallas (Court-appointed), for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Hugh Lucas, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of possession of marihuana. See Art. 725b, V.A.P.C. Punishment, assessed under the provisions of Art. 4476–15, Sec. 4.05(b)(1), V.A.Tex.Civ.Stats. (Controlled Substances Act), is five years and a fine of $5,000.00.

The record reflects that on June 17, 1973, pursuant to a search warrant, Officers Montgomery, Johnson, and two others went to the residence of appellant and his wife in Dallas. The wife answered their knock, and upon being notified of the warrant, permitted them to enter. Appellant was found asleep in an upstairs bedroom. In searching the kitchen area, Officer Johnson found a paper sack containing 8.15 ounces of marihuana in the vegetable drawer of a refrigerator and a little black box containing .09 ounces of marihuana, a cigarette roller, some cigarette papers and a pair of scissors in the kitchen cabinet. Appellant and his wife were placed under arrest.

In his eighth ground of error, appellant contends that the prosecuting attorney committed reversible error during his closing argument to the jury at the guilt stage.

The record reflects the following proceedings during such argument:

"[Prosecutor]: Now, I don't smoke marihuana and I assume you don't either, and there's no evidence about how much of the stuff it would take to make a marihuana cigarette, but you can call for it and look at it if you want it. I submit it's a reasonable deduction from the evidence there's enough marihuana to make a man and wife high and keep them high until the year 1990. I submit this is more marihuana than this man and wife ever

intended for their own personal use, and it's a reasonable deduction from the evidence the are not only smoking it but probably giving it away or selling it.

"MR. QUILLIN [Defense Counsel]: Your Honor, we object; this is completely outside the record.

"THE COURT: Counsel, he is allowed to make a deduction, the jury can determine—

"MR. QUILLIN: There's no testimony they meant to do that, it's a conclusion, Your Honor.

"THE COURT: Counsel, I'm going to overrule you, if he was making it a fact—counsel, state whether or not you are calling it a fact or a reasonable deduction from the evidence.

"MR. GAY [Prosecutor]: I believe I told the jury it's a reasonable deduction from the evidence that State's Exhibit No. 3 here is more than any person would ever conceive of using for their own personal use, and furthermore, ladies and gentlemen, there's no indication here that lemons were put in here to keep it fresh. If you are worried about freshness, you wouldn't have enough marihuana in your possession for a five or ten year consumption. You just don't go out and buy enough stuff and worry about keeping it fresh—

"MR. QUILLIN: That is not offered as a deduction from the evidence; there has been no testimony about how much it takes to make a pack of cigarettes so he has no basis at arriving at any conclusion in that regard.

"THE COURT: The jury will decide whether or not his deduction is reasonable, counsel, overrule you."

The record reflects that H. E. Forrester, a chemist placed on the stand by the State, testified that Exhibit 3, the substance found in a paper sack in the refrigerator, was marihuana weighing a total of 8.15 ounces, including leaf marihuana, matured stalks, and seeds, and Exhibit 4, found in the little black box in the kitchen cabinet, contained .09 ounces of marihuana. J. W. Johnson, an investigator with the Dallas Police Department Narcotics Division, testified that the sack of marihuana contained some lemon wedges when he found it at appellant's apartment, used to keep the marihuana fresh.

The record contains no evidence that appellant or his wife were engaged in selling marihuana, or giving it away. Likewise, there is no evidence to indicate the length of time it would normally take to smoke this quantity of marihuana. We find nothing in appellant's argument inviting the quoted remarks of the State.

The argument quoted above tended to greatly exaggerate the amount of marihuana found in appellant's possession, and even though stated as a "reasonable deduction from the evidence," the exaggeration as to quantity and the conclusion that "they are not only smoking it, but probably giving it away or selling it" were not justified by the evidence, and constituted error. See *Rodriquez v. State*, Tex.Cr.App., 520 S.W.2d 778; *Thomas v. State*, Tex.Cr.App., 527 S.W.2d 567; *Smith v. State*, Tex.Cr.App., 506 S.W.2d 602; *Jackson v. State*, Tex.Cr.App., 529 S.W.2d 544; *White v. State*, Tex.Cr.App., 492 S.W.2d 488; *Berryhill v. State*, Tex.Cr.App., 501 S.W.2d 86; *Klueppel v. State*, Tex.Cr.App., 505 S.W.2d 572; *Alejandro v. State*, Tex.Cr.App., 493 S.W.2d 230.

The quantity of the marihuana possessed was not an issue at the guilt stage, since the case was prosecuted under the provisions of Article 725b, V.A.P.C. This statute made the possession of marihuana a felony regardless of the amount possessed. The argument of the State above quoted could only have been made in an attempt to inflame the minds of the jurors in order to secure a favorable verdict.

The court erred to the prejudice of appellant in overruling appellant's objections.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

The majority reverses this conviction because the prosecutor argued that it was a

reasonable deduction from the evidence that there was enough marihuana found on the premises to make a man and wife high until 1990, and that it was more than they ever intended for their own personal use and that they were probably giving it away or selling it. After an objection was made the trial judge stated, "The jury will decide whether or not this deduction is reasonable. . . ." The prosecutor did not make the statement as a fact.

Officers had found 8.15 ounces of marihuana in a paper sack and .09 ounces in a little black box. If the deduction by the prosecutor was unreasonable, the jury properly would have weighed this against the State and not for it.

No reversible error has been shown; the judgment should be affirmed.

GUPTON, J., joins in this dissent.