James DANIEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 53236.

Court of Criminal Appeals of Texas.

April 20, 1977.

Rehearing Denied May 18, 1977.

Terrence A. Gaiser, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Andy Tobias, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery by firearms. Punishment was assessed by the jury at sixty-five years.

Appellant and co-defendant Lawrence Thomas were jointly tried for a robbery occurring at the South Park National Bank in Houston on March 22, 1972.

Appellant contends that the court erred in overruling his objection to the prosecutor's argument "wherein the prosecutor argued outside the record" and "injected unsworn facts outside the record."

The record reflects that the following occurred during the argument of the prosecutor at the punishment stage of the trial which gives rise to appellant's complaint:

"We weren't allowed to go into the fact that a police officer, Officer Morris, was shot during the trial in chief. But we were when they took the stand. The Defendants took the stand and denied each and every bit of it. We weren't allowed to tell you that a police officer that pursued the individuals was shot and in the hospital for some time and that's why he couldn't make an identification. So what do you know about the case now?

"MR. BONNER [defense counsel]: Your Honor, I am going to object to that. Now, the State is saying what he wasn't allowed to say. He was allowed to put in anything that he wanted to put in. And I think that the jury should know that.

"THE COURT: Overruled.

"MR. TOBIAS [prosecutor]: See, the Court overruled it, which meant I wasn't allowed.

"Thank you, Your Honor.

"So now you know. You see when shoes start getting too tight, they start squeaking a little bit. So just listen during the argument, please."

■ We find no merit in the State's argument that appellant's ground of error does not meet the specificity required by Art. 40.09(9), V.A.C.C.P. The ground of error sets forth the hereinbefore quoted proceedings, and while reference is incorrectly made to the numbered pages in the record at which same occurred, such error is corrected by a supplemental brief filed by appellant. Art. 40.09(9), supra, provides this Court "shall" review a ground of error if "in the light of arguments made in support thereof in the brief, [this Court] can identify and understand such point of objection."

■ We also find no merit in the State's position that the objection made at trial was insufficient to put the judge and prosecutor on notice that appellant's complaint was directed to the "prosecutor's alleged failure to stay within the record." The very nature of the prosecutor's argument, coupled with appellant's objection, "Now, the State is saying what he wasn't allowed to say," should have made appellant's objection obvious to the court.

The State argues that evidence adduced at the punishment stage of the trial placed facts before the jury to support the complained-of argument.

The State points to the cross-examination of Reverend H. J. Mathews, a character witness called by co-defendant Thomas, where the following occurred:

"Q. Reverend Mathews, have you heard that this Defendant Thomas committed the offense of assault to murder on March the 22nd, 1972, on a Houston police officer by the name of T. G. Morris?

"A. Yes, sir."

In further support of this position, certain testimony elicited from appellant on cross and recross examination at the punishment stage of the trial is cited by the State. Appellant took the stand and testified in support of his motion for a probated sentence, and the record reflects that the following occurred upon examination by the State:

"Q. Mr. Daniel, you know you are also charged with assault to murder that occurred on March the 22nd, 1972, of a Houston police officer, Officer T. G. Morris; is that correct, sir?

"A. I know I am charged with it.

"Q. You don't know why that man wasn't able to identify you when he testified from the stand?

"A. Because I wasn't there.

"Q. You weren't there. You didn't see the incident that he was involved in out there?

"A. No. I didn't see no incident.

"Q. You didn't see any shooting at all, huh?

"A. I wasn't out there to see it.

\* \* \* \* \* \*

"Q. And the officer that was shot, critically shot, you don't know why he can't identify you, do you?

"A. Because I wasn't there.

"Q. The fact that he was shot just above the heart, that he was in the hospital for over a week and a half, just about died, doesn't have anything to do with his ability to identify you, does it, sir?

"A. Do it have anything to do with identifying me? No. I wasn't there.

"Q. With his ability?

"A. No. I wasn't there. No wonder he can't identify me."

■ The "have you heard" question directed to Reverend Mathews and his response in the affirmative that he had heard the co-defendant Thomas committed the offense of assault to murder does not support prosecutor's argument where he asserts as a fact that a police officer was shot. The State is not permitted (in combatting proof of good reputation given by a defense witness) nor does the question asked seek to make inquiry in such a manner as to show or assert as a matter of fact that a police officer was shot. See *Webber v. State,*

Tex.Cr.App., 472 S.W.2d 136; *Osborne v. State*, Tex.Cr.App., 518 S.W.2d 805.

 The question asked appellant by the prosecutor and the answers given thereto do not constitute evidence which will support the prosecutor's argument that a police officer was shot.

We find that the prosecutor's argument placed before the jury new and harmful facts that were not supported by evidence in the trial. See *Lopez v. State*, Tex.Cr. App., 500 S.W.2d 844; *Rodriquez v. State*, Tex.Cr.App., 520 S.W.2d 778. In light of the punishment assessed, we cannot conclude that such error was harmless.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.