**1.** *Section 21.05* has been repealed by Acts 1983, 68th Leg., Reg.Sess., p. 5321, ch. 977, sec. 12,

**Damon Earl WALLACE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 83 153 CR.**

Court of Appeals of Texas, Beaumont.

June 20, 1984.

---

Paul Buchanan, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

DIES, Chief Justice.

## OPINION

Appellant was charged by indictment with aggravated sexual abuse pursuant to *TEX.PENAL CODE ANN. sec. 21.05.*[1] Ap-

Tex.Gen.Laws, effective Sept. 1, 1983. However, sec. 13 of this act continues *Section 21.05*

pellant pled guilty and the court sentenced him to sixty years in the Texas Department of Corrections, from which appellant brings this appeal.

Appellant's sole ground of error is:

"Section 21.05(a)(5) Texas Penal Code is unconstitutional and therefore void because it is unintelligible."

The statute in question reads:

"(a) A person commits an offense if he commits sexual abuse as defined in Section 21.04 of this code or sexual abuse of a child as defined in Section 21.10 of this code and he:

\*   \*   \*   \*   \*   \*

"(5) the victim is younger than 14 years."

■ Appellant argues, "As one can easily see, the statute, as drafted, is totally unintelligible. In fact, in the middle of the sentence, the statute goes from talking about the perpetrator of the crime to the victim without any words in between to smooth the transition and explain what is meant by 'he: the victim'." Appellant has provided us with a very able brief and we agree with him that the courts require a very high and strict standard of construction regarding criminal statutes, and that it is not the business of the court to supply through judicial opinion what the legislature failed to provide.[2]

■ While the statute under consideration is certainly not grammatically correct, it is clear that if the victim of sexual abuse, as defined in *Section 21.04* or *Section 21.-10* of the Code, is younger than fourteen years of age, the offense becomes aggravated sexual abuse. This ground of error is overruled.

in effect as to an offense committed before the effective date of the act. The provisions of *Section 21.05* can now be found in other sections of the Penal Code by virtue of this same act.

**2.** *See United States v. Bass,* 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971); *McBoyle v. United States,* 283 U.S. 25, 51 S.Ct. 340, 75 L.Ed. 816 (1931); *United States v. Rojas,* 671 F.2d 159, 163

The judgment of the trial court is affirmed.

Affirmed.

(5th Cir.1982); *Ex parte Halsted,* 147 Tex.Cr.R. 453, 182 S.W.2d 479 (1944); *Ratcliff v. State,* 106 Tex.Cr.R. 37, 289 S.W. 1072 (1926); *Ex parte Leslie,* 87 Tex.Cr.R. 476, 223 S.W. 227 (1920); *Griffin v. State,* 86 Tex.Cr.R. 498, 218 S.W. 494 (1920); *Ex parte Massey,* 49 Tex.Cr.R. 60, 92 S.W. 1086 (1905); *18 TEX.JUR.3d, Criminal Law, sec. 9, at 37* (1982).