**Bobby Charles GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 701–83.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 14, 1984.

Kerry P. Fitzgerald, Michael Byck, Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty. and Deborah E. Farris, Andy Anderson and Mary Ludwick, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Cathleen R. Riedel, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

We granted petition for discretionary review to assess the propriety of an argu-

ment made at the punishment phase of trial. Appellant was convicted of aggravated robbery; punishment was assessed at 50 years in the Texas Department of Corrections and a $5,800 fine. No prior convictions were introduced into evidence at the punishment phase of the trial; the State's evidence consisted of three witnesses testifying to appellant's reputation.

The prosecutor argued:

"We got Tommy Barnes. He works on the robbery detail. Kirkpatrick, he works burglary investigation out at Southwest. And then a security guard from Red Bird Mall. They all told you that they knew him and that they knew his reputation in the community for being a peaceful and law-abiding citizen and that that reputation was bad.

Now, that reputation could have been tested in any manner.

[Defense Counsel]: Your Honor, we are going to object. The District Attorney is inviting the jury to speculate.

THE COURT: No. I will overrule the objection. Go ahead.

[Prosecutor]: Barnes, *how do you know that?* What makes you say that about him? *What facts do you know?* You tell this jury why you think he's guilty of a bad reputation.[1]

[Defense Counsel]: Your Honor, he's outside the record and he's asking the jury to speculate.

THE COURT: I will overrule the objection. Go ahead.

[Prosecutor]: But no questions like that were forthcoming, were they?"

In reviewing the argument, the court of appeals, in an unpublished opinion, found it improper[2] but not reversible error.[3] The court of appeals commented: "From the testimony of Barnes and two other burglary investigators, before argument, the jury must already have engaged in some speculation as to the basis for the reputation testimony." In his brief argument, the State Prosecuting Attorney reurges those notions. However, a jury is to render a verdict based on the law and evidence, not on speculation. See Article 36.13, V.A.C.C.P.[4]

Not only was the jury being invited to speculate but also the invitation extended to matters about which a reputation witness is not permitted to testify, *viz:* "what facts [he does] know" that make an accused, in the prosecutor's phrase, "guilty of a bad reputation."

Reputation evidence is derived from "the collective opinion of the community as to [an inherent quality of a person]," and by definition is based on hearsay. Ray, Texas Law of Evidence (Third Edition), § 1324, 1A Texas Practice 500–501; *Jackson v. State,* 628 S.W.2d 446, 450 (Tex.Cr.App. 1982). So testimony of a witness concerning reputation for being a peaceful and law abiding citizen who has not discussed that reputation of an accused is "nothing more than an inadmissible opinion," *Mitchell v. State,* 524 S.W.2d 510, 513 (Tex.Cr.App. 1975). Correlatively, reputation testimony may not be based on matters within the personal knowledge of the witness, such as prior acts of misconduct on the part of an accused. *Beecham v.*

---

1. All emphasis is added by the writer of this opinion unless otherwise indicated.

2. Rejecting the position of the State that the argument was "a reasonable deduction from the evidence," the court of appeals found it "necessarily implied that there were other pertinent facts outside the record bearing on appellant's reputation."

3. Among other authorities that court of appeals cited *Todd v. State,* 598 S.W.2d 286, 297 (Tex.Cr.App. 1980) and *Mims v. State,* 466 S.W.2d 317 (Tex.Cr.App. 1971).

4. Accordingly, the Court has repeatedly held that invitations to the jury to speculate that there is other evidence of guilt not introduced at trial will be looked on with special disfavor. Arguments inviting speculation are particularly dangerous because they leave to the "imagination of each juror whatever extraneous 'facts' may be needed to support a conviction." *Anderson v. State,* 633 S.W.2d 851 (Tex.Cr.App. 1982); *McKenzie v. State,* 617 S.W.2d 211 (Tex.Cr.App. 1981); *Britton v. State,* 611 S.W.2d 421 (Tex.Cr.App. 1981); *Berryhill v. State,* 501 S.W.2d 86 (Tex.Cr.App. 1973); *Stearn v. State,* 487 S.W.2d 734 (Tex.Cr.App. 1972).

*State,* 580 S.W.2d 588, 590 (Tex.Cr.App. 1979) and cases therein cited.

In *Wright v. State,* 609 S.W.2d 801 (Tex. Cr.App. 1980) a prosecutor in the same jurisdiction reminded the jury of testimony given by three reputation witnesses presented by the State. One was a DPS Trooper stationed in San Antonio who testified on crossexamination that all he knew about Wright's reputation was what he had been informed by people in the Dallas district attorney's office and the fact that he had stopped Wright in Bexar County on an earlier occasion. Though the testimony of this witness was ordered stricken, during argument on punishment the prosecutor alluded to it along with testimony of the other two witnesses, and said to the jury:

"I didn't hear [defense counsel] say, you are picking on this poor retarded boy, *why don't you come in and explain it to us why you say that?* Did you hear that? No, no, no. No, he just said no question. Let's get that man off of the stand. *Well that ought to tell you something.* * * * [5] [Defense counsel] did say to you that when the State Trooper was called up here from San Antonio that [another prosecutor] did it—like we just pulled somebody out of San Antonio and told them to come up here and say the man's reputation is bad but that same man told you that he knew him and he met him in San Antonio, not in Dallas, *and there were no questions beyond that so you can think about that for a minute. You can put all these things together ...*"

The Court noted that there was no objection to the remarks last quoted above, but nevertheless found them "blatantly improper," *Wright,* supra, at 804. In his concurring opinion Judge Roberts correctly discerned that the gambit of the prosecutor was to call a witness who had knowledge of an unadjudicated offense "in the hope that the jury would speculate about the extraneous offense ..., *id.,* at 807. Simi-

larly, we find the argument in the case at bar to be manifestly improper in that it urged the jury to speculate about extraneous factual matters the State is barred from introducing through testimony of its reputation witnesses.

The State was unable to produce any evidence that appellant had been previously convicted, and his sworn application for probation alleged that he had not been. Though authorized to consider probation the jury refused to recommend it for this seventeen year old appellant. We are unable to say with confidence that the argument was harmless with respect to the punishment eventually assessed by the jury, fifty years confinement and a fine of $5,800. See *Clemons v. State,* 605 S.W.2d 567, 571–572 (Tex.Cr.App. 1980).

The judgment of the court of appeals is reversed; the judgment of conviction is reversed and the cause is remanded to the trial court.

---

5. An objection by appellant is omitted. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.