**Bill GASS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 09–88–314 CR, 09–88–315 CR.**

Court of Appeals of Texas,
Beaumont.

Jan. 10, 1990.

Gary W. Bunyard, Mark Morefield & Associates, Liberty, for appellant.

Jerry E. Andress, First Asst. Dist. Atty., Liberty, for State.

## OPINION

BROOKSHIRE, Justice.

The Appellant was charged with two offenses which occurred on separate occasions. One was indecency with a child; the second was aggravated sexual assault of a child. On the Appellant's motions the two cases were consolidated. The jury returned verdicts of guilty on each charge and assessed ten years confinement for the offense of indecency with a child and thirty-five years for the sexual assault. The complainant-victim was the granddaughter of Appellant. She was eight years old at the time of the offenses.

The Appellant in his brief recounts that the first offense took place in the upstairs bedroom of Appellant's home around June 15, 1986 when he exposed himself to his granddaughter, touched her genitals, and penetrated the genitalia of the victim with his genitals. About a month later a second offense was committed during which he again exposed himself to the same victim and asked her to place her hand upon his penis. This later event was witnessed by another granddaughter of the Appellant.

The second granddaughter reported the matter to an aunt. Upon an initial confrontation the Appellant refused to talk about the incidents. The next day, however, he admitted his guilt and apologized to the children and all parties concerned. In his brief the Appellant states that he had had problems with alcohol and had been drinking during both transgressions. He signed voluntary statements concerning each charged offense and began receiving counseling for his problems, including pedophilia.

### The "Extraneous Offenses" Issue

■ The Appellant urges several points of error, the first one being that the trial court erred in allowing the State to introduce evidence of "extraneous offenses" during the guilt or innocence phase of the trial without producing a proper predicate.

The victim testified to other incidents of sexual abuse. The record reflects that the Appellant failed to specifically object initially at trial that no predicate had been laid for admission of the extraneous offense. The Appellant's argument, which he classified as a basic objection, was that he did not intend to cross-examine or impeach the victim as to the events that she had touched upon or testified about excepting only the allegation of penetration. Appellant took the position at trial that there was no necessity for the State to attempt to prove intent, motive, scheme or similar matters. The objection at trial, we conclude, does not comport with the error complained of on appeal. The point of error presented on appeal must comport with the objection raised at trial in order to preserve error. *Paster v. State,* 701 S.W.2d 843 (Tex.Crim.App.1985) *cert. den'd* 475 U.S. 1031, 106 S.Ct. 1240, 89 L.Ed.2d 348 (1986), *Buxton v. State,* 699 S.W.2d 212 (Tex.Crim. App.1985) *cert. den'd* 476 U.S. 1189, 106 S.Ct. 2929, 91 L.Ed.2d 556 (1986). This point we deem does not present anything for review.

### The Exception to the Extraneous Offenses Rule When Small Children are Involved

Nevertheless, an important exception exists to the general rules governing extraneous offenses when those offenses involve sexual abuse or offenses against children of tender age. The victim was very young. *Smith v. State,* 719 S.W.2d 402 (Tex.App.— Houston [1st Dist.] 1986, no pet.). Precedents have recognized an exception to the general rule which exception permits the admission of similar sexual offenses that occurred between the victim-complainant and the accused to shed light and reveal the circumstances surrounding the act which was indicted or charged against the accused. The exception also shows the unnatural propensities or disposition of the

accused. Another reason for such exception is to make the young child's testimony more plausible in light of the relationship of the parties. *See Battles v. State*, 140 S.W. 783 (Tex.Crim.App.1911). *Johns v. State*, 155 Tex.Crim. 503, 236 S.W.2d 820 (1951), stated that evidence of similar acts between the victim and the accused are admissible. A public policy has been established to protect very young children from sexual abuse.

The indictment charges Appellant with intentionally and knowingly causing the hand of S.B., a child younger than 14 years of age, to contact the defendant's penis. Also, the Grand Jurors alleged that Gass intentionally and knowingly, with the intent to arouse and gratify the sexual desire of said defendant, exposed his genitals to S.B. The second indictment alleged that Gass intentionally and knowingly caused a penetration; yet again as a latter part of Count 1 and in Count 2 of the second indictment, the Grand Jurors charged that Gass acted intentionally and knowingly. Furthermore, he acted intentionally and knowingly with an intent to arouse and gratify his sexual desire. Hence, unquestionably, in every situation the issue of "intentionally and knowingly" was a material, contested issue in the case. A defense was intoxication which allegedly diminished or destroyed the necessary intent or scienter. Hence, we think that the extraneous offenses fall within well established exceptions to the general rule. The extraneous offenses tended to show the context in which the principal criminal act occurred, to prove scienter, intent or guilty knowledge, to prove state of mind and to refute or rebut a defensive theory. See *Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim.App. 1972); *Wiggins v. State*, 778 S.W.2d 877 (Tex.App.—Dallas 1989, pet. ref'd).

Since the "intentionally and knowingly" was a material, contested issue the next inquiry is whether the extraneous offenses were relevant to the material issue of "intentionally and knowingly". The relevancy is determined from the doctrine of chances.

This doctrine of chances has been defined as an instinctive recognition of those logical, deducible processes which eliminates or lessens the element of a possible innocent intent by simply multiplying occurrences arriving at the same result until the reasonable mind perceives that an innocent intent cannot explain away all of the offenses. The reasonable human mind applies an instinctive and logically deducible process of reasoning to this conclusion: that an unusual and abnormal element such as the lack of intent or innocent intent might conceivably be present in one instance or occurrence; but that the more frequent similar instances occur and like offenses take place with similar results, then the reasonable mind ascertains the necessary relevancy of guilty intent. We think the reasonable trial judge ruled correctly. See *Garza v. State*, 715 S.W.2d 642 (Tex.Crim.App. 1986). Hence, his rulings were proper and could not be considered to any degree as an abuse of discretion. Thus the trial court's rulings and decisions will not be disallowed on appeal. *Templin v. State*, 711 S.W.2d 30 (Tex.Crim.App.1986). Also, it must be borne in mind that the State has the burden to prove its case beyond a reasonable doubt to obtain a conviction. And the State has the right to discharge this duty and burden with approved advocacy and permitted zeal.

The test for admissibility has changed. The plain language of Rule 403 shifts the focus somewhat from the test enunciated in *Williams v. State*, 662 S.W.2d 344 (Tex. Crim.App.1983) and its progeny. The approach under the present Rule 403 is to admit relevant evidence unless the probative value of the relevant evidence is *substantially* outweighed by the danger of unfair prejudice to the defendant.

We must first determine if the extraneous offense is relevant and, then, if its probative value is not substantially outweighed by unfair prejudice. *TEX.R. CRIM.EVID.* 403. This analysis is for the trial judge in the first instance and, absent a clear abuse of discretion, will not be disturbed on appeal. *Templin v. State*,

*supra.* See also *Pleasant v. State,* 755 S.W.2d 204 (Tex.App.—Houston [14th Dist.] 1988, no pet.); *Cole v. State,* 735 S.W.2d 686 (Tex.App.—Amarillo 1987, pet. granted). Point of error one is overruled.

### The Lack of an Efficacious Objection At the Punishment Phase

■ Next Appellant complains the trial court erred in allowing the State to introduce into evidence certain allegedly inadmissible "extraneous offenses" against the accused during the punishment phase of the trial. Procedurally, the State at the punishment phase simply reoffered the evidence that had been admitted during the guilt phase of the trial. The trial court inquired of Appellant's counsel whether there were any objections to the entire reoffer. The response was, in substance, that the objections that had been previously made were renewed. No specific objection was voiced. The trial court stated that the court did not recall what they were. In the state of this record, we deem that there is nothing for appellate review; an objection must be timely made and the objection must state with specificity the grounds upon which the objection rests. A general objection is equivalent to no objection at all. *McGowan v. State,* 664 S.W.2d 355 (Tex.Crim.App.1984). *The objection must be reasonably specific and must be reasonably accurate so as to give fair notice to the trial court and express an intelligible basis upon which the trial judge can make an informed ruling. Carlos v. State,* 705 S.W.2d 359 (Tex.App.—Beaumont 1986, pet. ref'd). Simply put, the trial judge was not given fair notice; the trial court had no intelligible basis upon which to make an informed, correct ruling. Two is overruled.

■ Point of error three avers that the trial court erred in admitting certain allegedly "remote extraneous offenses" during the punishment phase. One J.B., step-son of Appellant, was called as a reputation witness. This witness said that the Appellant's reputation for being a peaceful and law-abiding citizen was bad. J.B. was the State's witness. *On cross-examination J.B. was asked if he had made a statement that he would do anything he had to do to see the Appellant put in prison. J.B. admitted that he had made such a statement, but denied that he would commit perjury.* Then there was an attempt made to impeach J.B.'s testimony by eliciting information that the motive for so testifying was based on financial difficulties between J.B. and his own mother and step-father. There was a suggestion that there was an ongoing family feud involving ill-feelings involving financial matters. On redirect examination J.B. testified that he was motivated to testify truthfully and a basis of his testimony was the fact that he himself had been sexually abused on several occasions in the past when he was a child and lived in the home of the Appellant. The trial judge, we think correctly, ruled that the door had been opened to this evidence. The prosecution was rebutting the defense's attempted impeachment. No error was committed. See *TEX. R.CRIM.EVID.* 612(b). Three is overruled.

### The Criminal Evidence Rule 405(a) Question

■ Point of error four argues that certain witnesses testified as to their personal opinions of the Appellant as opposed to their opinion of his reputation in the community in which he lived. The State proffered two witnesses for the purpose of testifying as to the character of the Appellant. These witnesses were questioned concerning their qualifications to give evidence on the relevant subject matters out of the presence of the jury. Each of the witnesses later on in the presence of the jury testified that in their opinions Appellant's reputation for being a peaceful and law-abiding citizen was bad.

*TEX.R.CRIM.EVID.* 405(a) provides in substance that evidence of character or trait of character of a person is admissible proof in certain cases. This proof may be made by testimony as to the accused's rep-

utation or by testimony in the form of an opinion. The rule took effect September 1, 1986. Rule 405(a) in part provides that in order for a witness to be competent concerning the character or trait of character of an accused, that witness must have been substantially familiar with the reputation of the accused. We think one of the witnesses who had known the Appellant for fifteen years or more was qualified under Rule 405(a). The other witness had known the Appellant since he (the witness) was six years of age and had lived in the Appellant's home until age seventeen. No error is demonstrated.

■ Appellant's next point of error advances and argues that the exclusion of certain defense testimony created error. The excluded defense testimony was said to be relevant to the Appellant's psychiatric state of mind and prognosis. This testimony was proffered during the punishment phase. This point of error was multifarious. Admonitions and cautions have been pronounced on several occasions that multifarious points of error simply fail to present anything for review. *Brown v. State,* 657 S.W.2d 117 (Tex.Crim.App.1983); *Brooks v. State,* 642 S.W.2d 791 (Tex.Crim. App.1982).

■ Moreover, we think the Appellant under this duplicitous or multifarious point of error did not preserve or present the necessary evidence making the point eligible for appellate review. One caseworker, a witness, testified that she had not discussed Appellant's sex problems with him and that the treatment given by her was not for Appellant's sex problems, if any. This witness was a nurse who testified that she was involved in certain alcohol treatment programs. The nurse was neither a psychologist nor a psychiatrist nor a medical doctor. We perceive the trial court properly sustained the objection leveled by the State. *Dunnington v. State,* 740 S.W.2d 896 (Tex.App.—El Paso 1987, pet. ref'd).

As to the excluded testimony of the other witness, the record reflects that the second witness worked in the field of psychotherapy. The Appellant was permitted to introduce testimony that he was participating in a program designed for sex offenders. Some of the evidence was presented before the jury. We determine point of error five lacks merit and the same is overruled.

■ The sixth point of error maintains that the indictment should have been dismissed simply because prosecution under *TEX.PENAL CODE ANN.* sec. 22.021 (Vernon 1989) is unconstitutional. We disagree. The Appellant's main attack is that the State of Texas has no legitimate interest nor rational basis for prescribing two penalties for the same offense. Appellant avers that it was improper to grant to the district attorney absolute discretion in seeking whatever conviction the district attorney selects. Appellant argues that such a grant of power is both arbitrary and unconstitutional. Hence, this prosecution should be dismissed. The reasonable, rational distinction in the legislation is based on age; the distinction is constitutional because of the very young, impressionable age of the victim.

A further statement in Appellant's brief is that prosecuting the Appellant under *TEX.PENAL CODE ANN.* sec. 22.021 (Vernon 1989) violates his due process rights under *TEX.CONST.* art. I, sec. 13. Furthermore, the Appellant says his due process rights under the Fifth Amendment and the Fourteenth Amendment to the United States Constitution and *TEX. CONST.* art. I, sec. 19 have been violated. The record fails to demonstrate that a motion that these rights were violated was presented to the trial court.

The Supreme Court in *State v. Corpus Christi People's Baptist Church,* 683 S.W.2d 692 (Tex.1984) wrote that each sovereign state of the Union has a right and a duty to protect its minor children. Classifications based on age in a statute governing offenses, involving deviant sexual intercourse with a child of very young age, furthers the State's legitimate, reasonable interest and concern in protecting minor

**840**

children of tender age. We hold the State's interest bears a fair and substantial relationship to the objects that the legislature had sought to accomplish and protect. We hold there was no violation of accused's equal protection rights or his due process rights. See and compare *Wallace v. State*, 688 S.W.2d 568 (Tex.App.—Beaumont 1984, pet. ref'd).

After considering the Appellant's points of error, we overrule each one. The judgment and sentence of the trial court is affirmed.

AFFIRMED.

BURGESS, Justice, concurring and dissenting.

I concur in the affirmance of the guilt portion of the trial. While I agree that the extraneous offense between appellant and the victim was admissible, I disagree there remains an exception to the extraneous offense rule to show the un-natural propensities or disposition of the accused. *Boutwell v. State*, 719 S.W.2d 164 (Tex.Crim.App.1985).

I dissent to the affirmance of the punishment phase. I do not believe the extraneous offense between appellant and his stepson was admissible. In the first place, testimony concerning reputation must not be based solely upon personal knowledge of misconduct, but also how other persons perceive appellant. *Wagner v. State*, 687 S.W.2d 303 (Tex.Crim.App.1984). Therefore, I do not believe the door was opened in the attempted impeachment of the stepson. Even if it was, the rules regarding extraneous offenses still apply. This is to say there must be the balancing test between relevancy and prejudice. The prejudice of evidence of a similar sexual offense substantially outweighs the relevance of a twenty-three-year-old incident.

There was an additional error in the punishment phase. Two other reputation witnesses were allowed to testify. The testimony was their opinion of appellant not what his reputation was in the community. Neither witness indicated they had discussed appellant's reputation with other members of the community. Thus, their testimony was not admissible. *See Hernandez v. State*, 767 S.W.2d 902 (Tex.App. —Corpus Christi 1989, pet. granted); *see also Green v. State*, 679 S.W.2d 516 (Tex. Crim.App.1984). Because of these errors, I would remand for a new trial on punishment. *TEX.R.APP.P. 81(b)*. In view of the majority's total affirmance, I respectfully dissent.