Affirmed and Majority and Dissenting Opinions filed May 9, 2006









Affirmed and Majority and Dissenting Opinions filed May 9,
2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00371-CR

_______________

 

RAQUEL MELENDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                                

On Appeal from the County Criminal
Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1225398

                      
                                                                                                                         

 

D I S S E N T I N G  
O P I N I O N

 

In
her first issue, appellant contends the trial court reversibly erred by
overruling the following objections to the State=s jury argument: 

Prosecutor:    [T]here=s a
place where prostitution is alive and well. 
She=s one of the people who contributes to that.  A reason she doesn=t remember this event, think about it, why doesn=t she remember offering to engage in
prostitution?  It=s because this is something that she does day in and
day out.

Appellant:       Objection, violation of Rule 404, outside
the record. 

The Court:      Overruled.








Prosecutor:    This was not some singular event that she=s going to remember.

Appellant:       Objection, outside the record, improper
reason to convict.

The Court:      Overruled.

Prosecutor:    This is not some singular event that she=s going to remember. 
This is something that happens on a daily basis.

Appellant:       Objection, outside the record, violation
of 404.

The Court:      Overruled.

(emphasis
added).  

Appellant
objected to the State=s argument on two grounds: (1) the argument was outside the
record; and (2) the argument violated Texas Rule of Evidence 404 and thus
suggested an improper reason to convict appellant.  The majority addresses only the first
objection.

The
majority concludes that the testimony of the State=s only witness, Deputy Kevin Monfort,
supports an inference that engaging in sex for pay was common for appellant and
thus supports the State=s argument Acircumstantially.@ 
More specifically, the majority reasons that Deputy Monfort=s testimony supports such an
inference because this testimony demonstrates that appellant (1) brought up the
subject of sex for pay with Monfort, using what Monfort stated is a slang term
for prostitution in sexually-orientated businesses; (2) invited Monfort to a
private room to touch him in ways that violated laws; and (3) negotiated a price
in a way that indicated she had a clear understanding of how to Aclose the deal.@ 
The majority concludes it was reasonable to infer that Aappellant had a level of experience
and skill in these matters that had been developed through other such instances@ and therefore that she engaged in
prostitution on a daily basis. 

                                        Was
the State=s jury argument improper?








The
purpose of closing argument is to facilitate the jury=s proper analysis of the evidence
presented at trial so that it may arrive at a just and reasonable conclusion
based solely upon the evidence admitted at trial.  Campbell v. State, 610 S.W.2d 754, 756
(Tex. Crim. App. [Panel Op.] 1980); Jones v. State, 38 S.W.3d 793, 796
(Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). 
Under our current jurisprudence, a jury argument is permissible only if
it falls into one or more of the following categories: (1) summation of the
evidence; (2) reasonable deduction from the evidence;  (3) answer to argument of opposing
counsel;  and (4) pleas for law
enforcement.  See Felder v. State,
848 S.W.2d 85, 94B95 (Tex. Crim. App. 1992); 
but see Hawkins v. State, 135 S.W.3d 72, 85B87 (Tex. Crim. App. 2004) (Womack,
J., concurring) (stating, in three-justice concurring opinion, that
jurisprudence requiring closing arguments to fall within one of these four
categories is Aobviously untrue,@ Alogically invalid,@ Anonsensical,@ and should be changed). 

The
argument in question does not fall within the third or fourth categories, and
the State does not argue otherwise.  The
State asserts that its argument constitutes a summation of the evidence;
however, as the majority correctly points out, this argument cannot be a
summation of the evidence because there was no evidence at trial that appellant
engaged in any act of prostitution other than the charged offense, much less
any evidence that she engaged in prostitution on a daily basis.  Therefore, the main issue is whether the
challenged statements are a reasonable deduction from the evidence.  See Felder, 848 S.W.2d at 94B95. 








In
making closing arguments, lawyers are allowed wide latitude in drawing
inferences from the evidence; however, the inferences drawn must be reasonable
and offered in good faith.  Cantu v.
State, 939 S.W.2d 627,  633 (Tex.
Crim. App. 1997).  On appeal, the State
contends that it is reasonable to deduce from the evidence that appellant did
not remember Monfort because the event was not unique or unusual for her.  The State relies on appellant=s testimony that she had danced for
many men and did not remember many of them and on Monfort=s testimony that appellant danced for
him and offered him sex for pay on one occasion.  Even if it were logical to connect this
evidence in this way, it is still not reasonable to conclude that appellant
does not remember Monfort because her participation in acts of prostitution is Asomething that happens on a daily
basis.@ 
Monfort testified that appellant engaged in prostitution one time.  Appellant testified that she had danced for
hundreds of men but never engaged in prostitution.  Taking as true Monfort=s testimony that appellant engaged in
prostitution once, her testimony that she has danced for hundreds of men does
not support a reasonable inference that she has engaged in prostitution with
these men or that she engages in prostitution daily.  Further, the fact that appellant approached
Monfort, used a purported slang term for prostitution, Aplay,@ and appeared to know Ahow to close the deal@ and negotiate a price is not enough
to support a reasonable inference that she engaged in acts of prostitution Aon a daily basis.@ 
The State=s closing argument that appellant did not remember Monfort
because prostitution Ais something she does day in and day out@ and Asomething that happens on a daily
basis@ injected new and prejudicial Afacts@ and speculation into the record and
went beyond a reasonable inference from the evidence presented at trial.  See Melton v. State, 713 S.W.2d 107,
114 (Tex. Crim. App. 1986) (stating that closing argument imputing to defendant
the commission of many other similar crimes not supported by the evidence is
impermissible).  Because the State=s argument was improper, the trial
court erred in overruling appellant=s objections. 

                                             Was
the trial court=s error harmful?

The
next determination is whether the trial court=s error was harmful.  Remarks that fall outside the permissible
bounds of jury argument are generally nonconstitutional errors. Mosley v.
State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).  Therefore, a reviewing court must disregard
the error if it does not affect the accused=s substantial rights. Tex. R. App. P. 44.2(b).  In other words, if, after reviewing the
record as a whole, the reviewing court has fair assurance that the error did
not influence the jury or had only a slight effect, appellant=s conviction should not be
overturned.  Johnson v. State, 967
S.W.2d 410, 417 (Tex. Crim. App. 1998). 
The following three factors are used to analyze the harm associated with
improper jury argument:  (1) the severity
of the misconduct, (2) measures adopted to cure the misconduct, and (3) the
certainty of conviction absent the misconduct. 

Severity of the Misconduct








Because
a prosecutor is a public official, the jury may give undue weight to a
prosecutor=s allusion to facts outside the
record.  See Monkhouse v. State,
861 S.W.2d 473, 478 (Tex. App.CTexarkana 1993, no pet.). 
The State=s argument in this case not only injected new Afacts@ into the record, but it also invited
speculation and could have been perceived by the jury as the prosecutor=s inside knowledge that appellant had
committed acts of prostitution on many other occasions, even though there was
no evidence of any such acts presented at trial.

In
addition, the prosecutor=s argument that appellant did not remember the charged act of
prostitution because she commits acts of prostitution on a daily basis
contravenes the policy expressed in Rule of Evidence 404, which governs the
admissibility of character evidence. 
Rule 404(b) provides that A[e]vidence of other crimes, wrongs,
or acts is not admissible to prove the character of a person in order to show
action in conformity therewith.@  Tex. R. Evid. 404; Johnston v.
State, 145 S.W.3d 215, 219 (Tex. Crim. App. 2004).  The rule prohibits the admission of evidence
to prove a person=s character, from which the trier of fact may infer that the
person acted in conformity with that character trait on the occasion in
question.  Johnston, 145 S.W.3d at
219.  For example, in a prosecution for
injury to a child, the State might wish to offer other instances in which the
defendant beat the complainant or another child to prove he is a Achronic child abuser.@  
Id.  In this scenario, the
jury then would be invited to infer that, because the defendant is a chronic
child abuser, he abused the complainant on the charged occasion.  Id. 
That is precisely the character‑propensity purpose prohibited
by Rule 404(b).   Id.    For centuries, the law has rejected such
evidence because it injects Adangerous baggage of prejudice, distraction from the issues,
time consumption, and hazard of surprise.@ 
Id.             








Likewise,
in this case in which appellant was being tried for a single act of
prostitution, the State could not have offered evidence of other instances, if
any, in which appellant offered to engage in sexual conduct for a fee.  See id.  In Texas, a person can be paid for performing
an exotic dance without committing a crime; however, a person cannot be paid a
fee for engaging in sexual conduct, as defined by the Penal Code, without
committing a crime.  See Tex. Pen. Code Ann. '' 43.01, 43.02 (Vernon 2003).  Nonetheless, the State=s closing argument invited the jury
to equate exotic dancing (a non-criminal act) with prostitution (a criminal
act).  Appellant admitted that she made
her living by engaging in exotic dancing, but the State told the jury that
appellant engages in prostitution daily. 
Appellant objected that the State=s argument violated Rule 404 and that
it suggested an improper reason to convict her. 
The State=s misconduct was severe because the improper argument invited
the jury to convict appellant based on her character as a person who, according
to the State, engages in prostitution on a daily basis rather than based on the
evidence presented at trial.  Moreover,
the jury had no way to evaluate the accuracy of the State=s assertion that appellant engages in
prostitution Aon a daily basis.@ 
The State=s argument invited the jury to convict on an improper basisCappellant=s alleged action in conformity with
her alleged character as a person who engages in prostitution daily.  See Melton, 713 S.W.2d at 114.








The
State cannot use closing argument to get evidence before the jury that is
outside the record and prejudicial to the accused, but that is precisely what
the State did in this case.  See Green
v. State, 679 S.W.2d 516, 517 (Tex. Crim. App. 1984) (holding that
prosecutor=s argument at punishment phase of
trial concerning testimony about defendant=s reputation invited jury to
speculate, was improper, and was not harmless); 
Anderson v. State, 633 S.W.2d 851 (Tex. Crim.  App. 1982) (stating that A[i]f defendant=s objection to prosecutor=s final argument on ground that
argument invited jury to speculate that there was other evidence detrimental to
defendant which jury had not heard had been overruled, a reversal would be
required@). 
The Court of Criminal Appeals has cautioned that during jury arguments,
prosecutors should refrain from making arguments based upon matters outside the
record. Indeed, an argument alluding to information not introduced into
evidence is improper and the error is reversible if the argument injects or
emphasizes harmful facts outside the record. 
See Everett v. State, 707 S.W.2d 638, 641 (Tex. Crim. App.
1986) (holding that prosecutor=s jury argument in response to contention by defense attorney
that defendant=s life was in jeopardy was so
prejudicial as to require new trial); Fuentes v. State, 664 S.W.2d 333,
337B38 (Tex. Crim. App.  1984) (holding that prosecutor=s comments that defense counsel was Ain bad faith like usual@ and that the evidence of police
misconduct he was seeking to elicit was Agarbage,@ were manifestly improper, harmful,
and prejudicial, and thus constituted reversible error); Daniel v. State,
550 S.W.2d 72, 73 (Tex. Crim. App. 1977) (holding that prosecutor=s argument that officer was shot
placed before the jury new and harmful facts that were not supported by evidence,
and error was not harmless).  The State=s argument in this case was
manifestly improper and injected new and harmful Afacts@ into the proceeding. Further, the
State=s improper and unsupported statements
likely influenced or had more than a slight effect on the jury=s decision to convict. 

Measures Adopted to Cure Misconduct

Appellant
made three timely objections to the State=s improper argument, all of which the
trial court overruled.  The trial court
did not give a curative instruction. 
Furthermore, the prosecutor=s making of two more improper
statements after the trial court overruled appellant=s first objection may have emphasized
these statements to the jury, and the trial court=s overruling of defense counsel=s objections to all three statements
may have indicated to the jury that it was permissible to convict on this
improper basis.  See Good v. State,
723 S.W.2d 734, 738 (Tex. Crim. App. 1986).  


 Certainty of Conviction Absent
Misconduct








The
third factorCcertainty of conviction absent the
misconductCalso weighs in favor of finding
harm.  As noted above, Deputy Monfort was
the State=s only witness, and no other evidence
supported appellant=s conviction. 
Appellant testified that, although she had danced for many men and did
not remember Deputy Monfort, she had not engaged in prostitution with Monfort
because she had never engaged in prostitution with anyone.  Though there is legally sufficient evidence
to support her conviction, the only evidence before the jury was the
conflicting testimony of Deputy Monfort and appellant.  The evidence of appellant=s guilt was not overwhelming.  Although the jury might have convicted
appellant absent the State=s impermissible jury argument, it is far from certain that
the jury would have done so.  In Rodriquez,
after appellant had just been convicted of one heroin sale, the prosecutor
argued during punishment that appellant had made other heroin sales to many
other people.  See Rodriguez v. State,
520 S.W.2d 778, 780 (Tex. Crim. App. 1975) (holding that trial court
reversibly erred in overruling objection to argument that referred to new and
harmful facts neither in evidence nor reasonable inferred from evidence).  The prosecutor stated, AHe has touched more lives than a
killer could do with the heroin he helps disburse.@ 
The Court of Criminal Appeals reversed, holding that evidence of one
sale, and the small quantity sold, did not support such an inference.  Id. 


Furthermore,
in Melton, the Court of Criminal Appeals held that the State=s closing argument, implying that the
defendants had committed 300 other thefts similar to the charged theft, was so
prejudicial that it was not cured by the trial court=s instruction to disregard it.  See Melton, 713 S.W.2d at 113B14. Here, the trial court did not
instruct the jury to disregard; rather, by sustaining three objections to this
evidence, the trial court tacitly signaled to the jury that it was proper to
convict based on the other alleged acts of prostitution mentioned in the State=s closing argument.   If the improper argument in Melton
could not survive a harm analysis despite an instruction to disregard, then
surely the application of this logic here, where the State=s closing argument was not tempered
by an instruction to disregard, should not produce a different result.

 

                                                                    Conclusion        

The evidence in this case does not
support a reasonable inference that appellant engaged in prostitution on a
daily basis.  The State=s argument was an invitation for the
jury to speculate on prejudicial Afacts@ that were not supported by evidence
and to convict her on an improper basis. 
Under these circumstances, the trial court=s error was not harmless.
Accordingly, this court should sustain appellant=s first issue and reverse and remand
this case for a new trial.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Majority and Dissenting Opinions
filed May 9, 2006.

Panel consists of Justices Anderson, Edelman, and
Frost.  (Edelman, J., majority.)

Publish
C Tex.
R. App. P. 47.2(b).