**Edgar Dewey HAYNES, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61341.**

Court of Criminal Appeals of Texas.

Feb. 3, 1982.

Rehearing Denied March 3, 1982.

Russell C. Busby, Amarillo, for appellant.

Harold L. Comer, Dist. Atty., Pampa, Robert Huttash, State's Atty., Austin, for the State.

ONION, P. J., and DALLY and W. C. DAVIS, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of aggravated assault. The case was tried in Gray County after a change of venue from Wheeler County. Punishment was assessed as imprisonment for two years.

The appellant presents ten grounds of error. He contends the following: the sheriff made prejudicial remarks about the appellant in the presence of prospective jurors immediately prior to jury selection; bloody clothing was erroneously admitted in evidence; evidence of two extraneous offenses was improperly admitted; a character witness was improperly impeached; an agreement to pretrial discovery was violated when the State presented the testimony of a witness without informing the appellant that she was a possible witness; a prior inconsistent statement of another witness was not admitted in evidence; the appel-

lant's testimony was unduly restricted; the punishment phase was conducted outside the presence of the jury; and, the prosecutor made improper jury argument during the penalty phase of the trial.

The evidence reveals that both the appellant and the complainant attended a party on the night of March 11, 1978. Each had been drinking. During the course of the evening the appellant and the complainant became engaged in a heated argument. Thereafter the appellant left the party. Later in the early morning hours the two men encountered each other at an all-night restaurant. Another heated argument ensued. Subsequently both men "stepped outside" and the appellant shot the complainant.

The appellant first argues that his motion for mistrial was erroneously overruled by the trial court. During the course of the trial the appellant presented testimony of Mrs. Gowdy outside the presence of the jury. Mrs. Gowdy testified that she overheard Sheriff Dorman talking to another individual prior to the selection of the jury. Sheriff Dorman said that the appellant was connected with the Dallas Mafia and that anyone carrying a gun ought to be automatically in trouble. Mrs. Gowdy added that the sheriff made the comment in the presence of prospective jurors and witnesses and could have been heard by them. However, she did not know if the others had, in fact, overheard the comment. The trial court after hearing the testimony asked the appellant if he would like to question the panel and determine if they had heard the remark. The appellant declined the offer stating that the questions would only draw the remark to the attention of the jury. The appellant now claims that he was denied a fair trial because of the comment. However, we are unwilling to speculate whether or not any of the members of the jury heard the sheriff's statement. The appellant has failed to demonstrate that he was harmed by the comment. The ground of error is without merit.

The appellant asserts next that bloody clothing was improperly admitted in evidence. The complainant during the trial identified the shirt and down vest he was wearing on the night of the shooting. After pointing out the hole caused by the bullet, the two pieces of clothing were admitted in evidence. The appellant contends that the clothing was admitted solely to inflame the minds of the jury since there was no issue in dispute. If a verbal description of the victim's body, clothing, and scene of the offense is admissible then the victim's clothing, even though bloodstained, is likewise admissible. *Bradford v. State*, 608 S.W.2d 918 (Tex.Cr.App.1981); *Heckert v. State*, 612 S.W.2d 549 (Tex.Cr.App.1981). In the present case a description of the wound and the scene of the offense was admissible to throw light on the offense and reveal its general nature. Therefore, the clothing was also admissible. The trial court did not err in admitting the shirt and vest in evidence.

The appellant complains that error occurred in two separate instances when evidence of the two extraneous offenses was admitted in evidence. However, in both instances the appellant failed to object to the admission of the evidence. Nothing is presented for review.

The appellant also complains that a character witness was improperly impeached. Again, however, no objection was made by the appellant and nothing is presented for review.

In his next ground of error the appellant contends that the testimony of Lisa Jernigan should have been suppressed. Prior to trial the State had agreed to furnish appellant's counsel with a list of all witnesses that the State would use in its case in chief. Thereafter the State called Mrs. Jernigan, whose name did not appear on the list. The appellant objected and claimed surprise. The trial court declared a recess until the next day to allow the appellant time to investigate. The next day Mrs. Jernigan testified that she saw the appellant with his pistol inside the restaurant just prior to the shooting.

We cannot agree with the appellant that it was error not to suppress the testimony. We first note that a recess was declared to allow the appellant time to prepare for Mrs. Jernigan's testimony. Additionally, we observe that after the recess the appellant made no further objections to the testimony. Finally, the appellant testified to substantially the same facts as Mrs. Jernigan. He admitted that he had taken the weapon with him inside the restaurant. He admitted shooting the complainant. The ground of error is overruled.

The appellant next contends that the trial court erred in not admitting in evidence a written investigative report by Kirven Roper, an investigator for the district attorney. The appellant argues that the report was admissible to establish prior inconsistent statements. Jo Del Clancy testified that at the party the appellant was the aggressor. However, she was confronted with her statement to Roper in which she indicated that the complainant was the aggressor at the party. Roper also testified that Mrs. Clancy stated the complainant was not the aggressor. He was also confronted with the report. The appellant was allowed to read the report and question each witness about it; his complaint is to the fact that the report itself was not admitted in evidence.

The proper predicate for impeachment by prior inconsistent statements requires that the witness first be asked if he made the contradictory statement, it can then be proved by the prior inconsistent statement. However, if the witness admits the prior inconsistent statement, the prior statement is not admissible. *Huff v. State*, 576 S.W.2d 645 (Tex.Cr.App.1979).

In the case at bar the following occurred when the appellant cross-examined Mrs. Clancy:

"Q. And then it continued. 'Ed Haynes then joined in the dispute and after an exchange of words Mr. Haynes leaned towards Mr. Stevens. At this point Mr. Stevens drew back his fists and attempted to hit Mr.

Haynes. Mrs. Clancy states that she pushed Ed Haynes out of the way and that Dorothy Pritchard grabbed Mr. Stevens' arm and broke up the fight.' Did you tell him that investigator that?

"A. If it says so I may have, but I don't remember.

"Q. You told him, then your memory was better back then when it did happen?

"A. Naturally."

Mr. Roper testified as to the following:

"Q. All right. Are your notes correct that she told you this?

"A. As I say, at the time I talked to her she told me there was a confrontation between the two of them. They had a heated argument, they both stood up and that the people pulled them, got a hold of them and asked Mr. Haynes to leave.

"Q. Mr. Roper, very specifically did she tell you that Mr. Stevens drew back his fist and attempted to hit Mr. Haynes, and that she, Mrs. Clancy, pulled Mr. Haynes out of the way?

"A. I—that is—I know what is in the report but—and I assumed that was in the discussion at the time we talked to her.

"Q. Well, you assumed or did she make that statement to you?

"A. Well, I don't remember word for word the conversation, it was back in March but as I say, I took some notes as we were talking and the next day I had this typed up so evidently that is what she said.

\* \* \* \* \* \*

"Q. Well, do you recall her going on and saying that Mr. Stevens attempted to hit him?

"A. No, sir, I do not.

"Q. Well, do your notes reflect that you understood to be the facts when you interviewed the witnesses?

"A. They sure do.

"Q. In other words, certainly would not file a report that was not accurate as you understood it to be at the time?

"A. No, sir."

Neither witness denied that the statement was made and in effect admitted that it was inconsistent with the earlier testimony; in these circumstances it was not improper for the court to refuse to admit the written statements. *Hoffman v. State*, 514 S.W.2d 248 (Tex.Cr.App.1974). The trial court did not err.

The appellant argues that his presentation of evidence concerning specific acts of misconduct on the part of the complainant was unduly restricted. The appellant had elicited from George Hooten, the chief of police of Shamrock, that during March, 1975, the mayor of Shamrock, Siebert Worley, had ordered Hooten to obtain the appellant's "rap sheet." The appellant later testified before the jury that he visited the complainant who was then serving as the county attorney and sought the complainant's advice in regard to the rap sheet. The complainant informed appellant, "I don't want to hear any more about the Worley affair. You are going to get a damned sight more put on you than a rap sheet."

The appellant attempted to introduce in evidence testimony about how and why the mayor used the appellant's "rap sheet." However, the State objected to that evidence on the ground that it was irrelevant. The court sustained the objection. The extent to which evidence showing bias of a witness is admitted rests in the sound discretion of the trial judge. The trial judge here did not abuse this discretion in refusing to admit the testimony. *Cloud v. State*, 567 S.W.2d 801 (Tex.Cr.App.1978).

The appellant contends that the penalty phase occurred outside the presence of the jury. The statement of facts fails to show that the jury was present during the brief penalty phase. However, a supplemental transcript shows that the jury was present during the punishment phase. Appellant's ground of error is overruled.

The appellant asserts in his remaining ground of error that the prosecutor made improper remarks during the closing argument of the penalty phase. The prosecutor stated:

> "Now, we all have heard people say after reading the newspaper or hearing something on the radio about a crime such as this, a crime, an act of violence, 'Why don't they do something?' and people a lot of times blame it on the courts."

The appellant objected but his objection was overruled. The prosecutor continued:

> "You have heard people say, 'Why don't they do something about it?' And people, like I say, sometimes they blame it on the courts. They blame it on the prosecutors but it is people like you who sit in the jury box that set these sentences. It is up—it is not up—we are through, as a prosecutor I am through. That burden of prosecuting is off of my shoulders. The burden is on you now, but I would like you to understand that you are now in the position of being 'they', those people who have something to do with the criminal justice system in this country. And we would like for you to be able to leave the courtroom today when you have set your sentence, knowing that they have done something about it."

Appellant contends that it was an improper plea for law enforcement and injected facts outside the record. However, in *Burns v. State*, 556 S.W.2d 270 (Tex.Cr.App.1977) cert. denied, 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977) a similar argument was upheld as a proper plea for law enforcement. The ground of error is overruled.

The judgment is affirmed.