Leno PERRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–84–119–CR.

Court of Appeals of Texas,
Waco.

Feb. 28, 1985.

Tim Altaras, Altaras & Altaras, Cleburne, for appellant.

Dan M. Boulware, Dist. Atty., Cleburne, for appellee.

## OPINION

THOMAS, Justice.

This is an appeal of a felony conviction for driving while intoxicated. The jury found Appellant guilty of driving while intoxicated and also found that he had been convicted in September 1976 of the same offense as a misdemeanor. The jury set his punishment at five years in prison, the maximum penalty for the offense. We affirm.

The indictment alleged the primary offense and also charged the prior misdemeanor offense to elevate the primary offense to a felony. During the guilt-innocence phase, the record of the 1976 misdemeanor conviction was introduced into evidence as State's exhibits three and four. Appellant contends in his first ground that the court erred when it allowed the record of this misdemeanor conviction to be introduced into evidence over his objection. He argues that the record of the 1976 misde-

meanor conviction did not reflect that he had waived his right to a jury trial, either in writing or otherwise. This ground cannot be sustained.

When the State first offered exhibits three and four into evidence the following occurred:

> [Prosecutor]: Judge, we're going to offer State's Exhibits No. 3 and State's Exhibit No. 4.
>
> [Defense Counsel]: Your Honor, we have no objection.
>
> THE COURT: What is it you wish for her [deputy district clerk] to find?
>
> [Defense Counsel]: If there is a written waiver of a right to trial by jury [in the misdemeanor record].
>
> THE COURT: All right.
>
> [Defense Counsel]: Other than that, there is no objection.

Later, the following occurred when the State re-offered exhibits three and four into evidence:

> BY [Defense Counsel]:
>
> Q  And did you [deputy district clerk] check the records of the District Clerk's office to see if there was a written waiver of a right to trial by jury?
>
> A  Yes, I did.
>
> Q  On [Appellant] back in 1976 we're talking about?
>
> A  Yes, I did.
>
> Q  And that record reflected what?
>
> A  That there was not a signed waiver.
>
> *    *    *    *    *    *
>
> [Prosecutor]: Judge, we would of course, before this witness [deputy district clerk] is excused, based on her testimony, we're going to offer into evidence State's Exhibit No. 3 and State's Exhibit No. 4.
>
> [Defense Counsel]: No objection, Your Honor.

■ Appellant failed to timely object to the admission of the exhibits. A failure to timely object waives any error in the admission of evidence and presents nothing for review. *Boulware v. State*, 542 S.W.2d

677, 682 (Tex.Cr.App.1976). Errors of constitutional dimension can also be waived by failure to timely object. *See id.* at 682; *Wright v. State*, 511 S.W.2d 313, 315 (Tex. Cr.App.1974) (holding defendant waived error that he was not represented by counsel in prior conviction by failing to object when the record was offered into evidence). Ground one is overruled.

Appellant asserts in his second ground that the jury committed reversible error when it set his punishment at five years in prison because the jury considered the effect of the parole law in assessing his punishment. This complaint was first raised in a motion for new trial which was overruled by the court.

During the punishment phase the State introduced evidence of Appellant's prior convictions, including a misdemeanor conviction on August 11, 1983, for driving while intoxicated. Appellant, who had been assessed one year in the county jail for this prior offense, was arrested for the felony offense of driving while intoxicated on November 14, 1983. During its deliberation on punishment, the jury sent a note to the court which inquired: "If [Appellant] was sentenced to one year [in the county jail] on August 11, 1983, why was he out driving in November, 1983?" The court refused to answer the question and told the jury that it was bound by the court's charge, which contained the following instruction:

> In determining the punishment in this case you are instructed that you are not to discuss among yourselves how long the [Appellant] will be required to serve any sentence of confinement you decide to impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Parole, and the Governor of the State of Texas, and are of no concern to you.

The foreman was the only member of the jury who testified at the hearing on the motion for new trial. He admitted that a question had arisen during the jury's deliberation on punishment of how Appellant

could be out of jail on November 14, 1983 [the date of the felony offense], when he had just been sentenced on August 11 to one year in the county jail for driving while intoxicated. The foreman stated, however, that the jury followed the court's admonishment to adhere to the instructions in the charge. He insisted that Appellant's five-year sentence was assessed because the jury believed that he would benefit from alcoholic rehabilitation programs in the state's prison system, and that he should be confined long enough to benefit from these treatment programs.

■■■ To determine whether a discussion of the parole law by a jury constitutes reversible error, a five-pronged test must be applied. *Sneed v. State,* 670 S.W.2d 262, 266 (Tex.Cr.App.1984). Under this test a defendant must show that there was (1) a misstatement of the law (2) asserted as a fact (3) by one professing to know the law (4) which is relied on by other jurors (5) who for that reason changed their vote to a harsher punishment. *Id.* Fact issues relating to jury misconduct that are raised at a hearing on a motion for new trial are for the determination of the judge. *Id.* Where the motion for new trial is overruled, the judge's ruling will be upheld unless there is an abuse of discretion shown. *Id.*

■■■ At the new trial hearing Appellant failed to show, among other things, that any juror voted for harsher punishment because of the misstatement of a parole law by another juror. Appellant thus failed to satisfy the five-pronged test in *Sneed,* and the court did not abuse its discretion when it overruled Appellant's motion for new trial. Ground two is overruled.

■■■ In ground three Appellant complains that the prosecutor committed fundamental error in his jury argument during the punishment phase when he told the jury:

> What you have really got the opportunity to do today, and you may never have it again, is to prevent a tragedy. I'm tell-

ing you a tragedy is going to occur. When it does, anybody is going to be powerless to change it. Going to be absolutely powerless. But you have got an opportunity right now to prevent a tragedy that is going to happen as sure as you and I are in this courtroom. You get up in the morning and you say, "when are they going to do something about that?" You're sitting there drinking coffee and turn the page, and you read about another tragedy. "When are they going to do something about that?" Right now, you are the "they" that can do something about it. Because you'll never be in the position you are right now. Where you can do something about the problem that's laid in front of you. You are the "they" that can do something about. You'll never be there again. Really, what you have got to decide is whether when you had the opportunity to change the course, if you took it. And you have got the evidence in front of you because you go out, and you give this man a five year sentence, and I'll assure you that verdict will be heard and recorded in this county, and it will have an effect.

Appellant contends that this argument constituted a plea that the people of the community where the crime was committed wanted Appellant convicted of the offense. A similar " 'you' and 'they' " argument was held to be a legitimate plea for law enforcement in *Haynes v. State,* 627 S.W.2d 710, 714 (Tex.Cr.App.1982). Ground three is overruled.

Affirmed.