NO.
12-06-00388-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JOHNATHAN L. TOLIVER,           §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Johnathan L.
Toliver appeals his conviction for delivery of a controlled substance, cocaine,
in an amount of four grams or more but less than 200 grams, including any
adulterants and dilutants, a first degree felony.[1]  In three issues, Appellant contends that the
evidence was legally and factually insufficient to support the jury’s verdict
and that the trial court erred in allowing evidence of extraneous offenses to
be admitted at trial.  The State did not
file a brief.  We affirm.

 

Background








            For quite
some time in the early part of 2006, the Tyler Police Department investigated
Appellant as a suspected drug dealer. 
Appellant was believed to have operated crack cocaine or “trap” houses
in the past and was suspected of still doing so.  To aid in its investigation, the Tyler Police
Department enlisted the services of Jimmy Wallace, a known drug user, as a
confidential informant. Wallace contacted Appellant and set up a meeting with
Appellant at a hotel in Tyler for the purpose of purchasing crack cocaine.  After completing that transaction, Wallace
contacted Appellant and set up a meeting at Appellant’s house in Tyler, again
for the purpose of purchasing crack cocaine. 
On May 25, 2006, Ronnie Tekell, an investigator with the Tyler Police
Department’s Narcotics Unit,  drove
Wallace near Appellant’s house.  Tekell
searched Wallace and found no drugs on him. 
He placed an audio/video camera on Wallace’s shirt button and gave
Wallace $175 to purchase crack cocaine from Appellant.  Then, Wallace went to Appellant’s house.  The camera on Wallace’s shirt button recorded
his presence and activities in Appellant’s home.  However, because of the position of the
camera, the video recording did not show any drugs changing hands.  When Wallace returned to Tekell, Wallace did
not have the $175, but did have more than four grams of crack cocaine.  After this transaction, the Tyler Police
Department continued to investigate Appellant.

            Several
months later, Appellant was indicted for delivery of a controlled substance,
cocaine, in an amount of four grams or more but less than 200 grams, including
any adulterants and dilutants.  This
charge was based on the May 25 transaction between Appellant and Wallace that
occurred at Appellant’s home.  Appellant
pleaded “not guilty,” and the case proceeded to trial.  At the conclusion of the evidence, the jury
found Appellant guilty of delivery of a controlled substance, namely cocaine,
as alleged in the indictment.  Further,
Appellant pleaded “true” to the enhancement paragraph in the indictment, and
the jury assessed his punishment at life imprisonment and a fine of $10,000.[2]  This appeal followed.

 

Sufficiency
of the Evidence

            In his second issue, Appellant
contends that the evidence was legally and factually insufficient to support
his conviction.  Specifically, Appellant
argues there is no evidence that he “actually transferre[d]” crack cocaine to
Wallace.

Standard of Review

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781,
2786-87, 61 L. Ed. 2d 560 (1979); Escobedo v. State, 6 S.W.3d 1,
6 (Tex. App.–San Antonio 1999, pet. ref’d). 
The standard for reviewing a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Johnson v.  State, 871 S.W.2d 183, 186 (Tex.
Crim. App. 1993).  The evidence is
examined in the light most favorable to the jury’s verdict.  Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Johnson, 871 S.W.2d at 186.  A successful legal sufficiency challenge will
result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982). 

            In
reviewing factual sufficiency, we consider all the evidence weighed by the jury
that tends to prove the existence of the elemental fact in dispute and compare
it to the evidence that tends to disprove that fact.  Santellan v. State, 939 S.W.2d
155, 164 (Tex. Crim. App. 1997). 
Although we are authorized to disagree with the jury’s determination,
even if probative evidence exists that supports the verdict, our evaluation
should not substantially intrude upon the jury’s role as the sole judge of the
weight and credibility of witness testimony. 
Id.; see Clewis v. State, 922 S.W.2d
126, 133 (Tex. Crim. App. 1996).  Where
there is conflicting evidence, the jury’s verdict on such matters is generally
regarded as conclusive.  Van Zandt
v. State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set
aside “only if the evidence supporting guilt is so obviously weak, or the
contrary evidence so overwhelmingly outweighs the supporting evidence, as to
render the conviction clearly wrong and manifestly unjust.”  Ortiz v. State, 93 S.W.3d 79,
87 (Tex. Crim. App. 2002); see also Watson v. State, 204 S.W.3d
404, 417 (Tex. Crim. App. 2006); Sims v. State, 99 S.W.3d 600,
601 (Tex. Crim. App. 2003).

            Under
either the legal sufficiency or factual sufficiency standard, our role is that
of appellate review, and the fact finder is the sole judge of the weight and
credibility of a witness’s testimony.  Wesbrook
v. State, 29 S.W.3d 103, 111-12 (Tex. Crim. App. 2000).  The fact finder may choose to believe all,
some, or none of a witness’s testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  The sufficiency of the evidence is measured
against the elements of the offense as defined by a hypothetically correct jury
charge.  Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
Such a charge would include one that “accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s
burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant was
tried.”  Id.  As limited by the indictment, a person
commits the offense of delivery of a controlled substance by knowingly
delivering a controlled substance, namely cocaine, in an amount of four grams
or more but less than 200 grams, including adulterants and dilutants.  See Tex.
Health & Safety Code Ann. § 481.112 (a), (d) (Vernon 2003).

Legal Sufficiency

            In
his legal sufficiency argument, Appellant argues that Wallace is a known drug
user who cannot be trusted and there is no other evidence that Appellant
actually delivered the crack cocaine to Wallace.  However, Appellant admits Wallace testified
that Appellant delivered crack cocaine to him. 
In addition, Tekell testified that he searched Wallace before Wallace
went to Appellant’s home and that there were no drugs on his person.  Tekell then gave Wallace $175, and Wallace
went into Appellant’s home.  Upon his
return, Wallace had more than four grams of crack cocaine.

            Viewing
the evidence in the light most favorable to the jury’s verdict, we conclude
that, from this evidence, a rational trier of fact could have found the
elements of delivery of a controlled substance, namely cocaine, in an amount of
four grams or more but less than 200 grams, beyond a reasonable doubt. See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Johnson,
871 S.W.2d at 186.  Therefore, the
evidence is legally sufficient to support the jury’s verdict. 

Factual Sufficiency

            A
neutral review of all the evidence reveals some evidence contrary to the jury’s
verdict.  Specifically, the video
recording does not show an exchange of drugs between Appellant and
Wallace.  Additionally, as Appellant
points out, there were reasons that the jury might have doubted Wallace’s
testimony.  Appellant presented evidence
that Wallace was motivated to assist the police because he had a pending drug
charge, and Wallace admitted that he had used drugs in the recent past.  Nonetheless, we must consider this evidence
in the context of the record as a whole. 
Tekell explained the scope of his search of Wallace conducted prior to
Wallace’s entering Appellant’s home. 
Wallace had no crack cocaine on his person before entering Appellant’s
home, and then afterwards, he had more than four grams of crack cocaine.  Wallace testified that Appellant gave him
crack cocaine in exchange for $175.   

            Generally,
it is for the jury to determine the weight to be afforded the testimony of a
witness and to resolve any conflicts in the evidence.  See Wesbrook, 29 S.W.3d at 111;
see also Watson, 204 S.W.3d at 409 (noting that articles 36.13
and 38.04 of the Texas Code of Criminal Procedure are often cited for the
proposition that jury verdicts should not ordinarily be disturbed when
supported by competent evidence, but that criminal appellate courts in Texas
have never interpreted them to wholly prohibit the limited factual review that
is otherwise inherent in their appellate jurisdiction). The jury could have believed
Wallace’s testimony, and while the video recording does not show the actual
transfer of crack cocaine, there is nothing on the video recording that is
inconsistent with a drug purchase.

            We
have reviewed the record in its entirety, giving consideration to all the
evidence both for and against the jury’s finding.  Our review has not revealed to us any
evidence that causes us to conclude that the proof of guilt is so obviously
weak or is otherwise so greatly outweighed by contrary proof as to render Appellant’s
conviction clearly wrong or manifestly unjust. 
See Ortiz, 93 S.W.3d at 87; see also Watson,
204 S.W.3d at 417; Sims, 99 S.W.3d at 601.  Therefore, the evidence was factually
sufficient to support the jury’s guilty verdict.  Accordingly, Appellant’s second issue is
overruled.

 

Extraneous
Offenses

            In his first
issue, Appellant contends that the trial court erred in admitting evidence of
extraneous offenses.  Appellant claims
that such evidence was inadmissible based on Texas Rules of Evidence 403 and  404(b).

Standard of Review

            A trial
court’s decision to admit or exclude evidence is reviewed under an abuse of
discretion standard.  See Rodriguez
v. State, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006); Montgomery
v. State, 810 S.W.2d 372, 390–91 (Tex. Crim. App. 1990).  The trial court is in the best position to
decide questions of admissibility, and we will uphold a trial court’s decision
to admit or exclude evidence if it is “within the zone of reasonable
disagreement.”  Rodriguez,
203 S.W.3d at 841.  A determination is
beyond the zone of reasonable disagreement if by no reasonable perception of
common experience could it be concluded that the proffered evidence had a
tendency to make the existence of a fact of consequence more or less probable
than it would be otherwise.   Montgomery,
810 S.W.2d at 391.  If the trial court’s
ruling on the admission of evidence is correct under any theory of law, the
trial court’s decision should not be disturbed even if the trial court gives
the wrong reason for its ruling.  See Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

Applicable Law

            Rule 404(b)
of the Texas Rules of Evidence provides in pertinent part as follows:

 

Evidence of other crimes, wrongs, or
acts is not admissible to prove the character of a person in order to show
action in conformity therewith.  It may,
however, be admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident . . . .

 

 

Tex. R. Evid. 404(b).  Thus, extraneous offense evidence may be
admissible if relevant to prove some other fact.  Johnston v. State, 145 S.W.3d
215, 219 (Tex. Crim. App. 2004).  The
list contained in Rule 404(b) is not exhaustive.  Id.  Extraneous offense evidence, therefore, may
be admissible because it is relevant to an affirmative defense raised by the
defendant or a defensive issue that negates an element of the crime.  Id. 

            “Relevant
evidence” means evidence having any tendency to make the existence of any fact
that is of consequence to the determination of the action more probable or less
probable than it would be without the evidence. 
Tex. R. Evid. 401.  Evidence that is not relevant is inadmissible.  Tex.
R. Evid. 402.  In Rankin,
the court of criminal appeals explained the relevancy inquiry necessary under
404(b) as follows:

 

Under Montgomery, then,
it appears that “fact of consequence” includes either an elemental fact or an
evidentiary fact from which an elemental fact can be inferred.  An evidentiary fact that stands wholly
unconnected to an elemental fact, however, is not a “fact of consequence.”  A court that articulates the relevancy of
evidence to an evidentiary fact but does not, in any way, draw the inference to
an elemental fact has not completed the necessary relevancy inquiry because it
has not shown how the evidence makes a “fact of consequence” in the case more
or less likely.

 

 

Rankin v. State, 974 S.W.2d 707, 709-10 (Tex. Crim. App. 1996).  “[A] simple plea of not guilty does not make
issues such as intent relevant issues of consequence for relationship evidence
Rule 404(b) purposes . . . .”  Robbins
v. State, 88 S.W.3d 256, 261 (Tex. Crim. App. 2002).  But cross examination of the State’s
witnesses or presentation of various defensive theories can place intent at
issue.  Id.; see also Lane
v. State, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996).

            Extraneous
offense evidence may be admissible to show identity when it is an issue in the
case.  See Lane, 933
S.W.2d at 519. To be relevant to identity, evidence of an extraneous
offense  must be so similar to the
charged offense that the offenses illustrate the defendant’s “distinctive and
idiosyncratic manner of committing criminal acts,” akin to a “signature.”  See Page v. State, 213 S.W.3d
332, 336 (Tex. Crim. App. 2006). 
Extraneous offense evidence may be admissible to demonstrate absence of
mistake.  See Johnston, 145
S.W.3d at 219.   Furthermore, evidence of
extraneous offenses may be admissible to rebut a defensive theory.  Powell v. State, 63 S.W.3d 435,
438 (Tex. Crim. App. 2001).

            When a
defendant makes a Rule 403 objection as well, even if the trial court
determines that the evidence of extraneous offenses is admissible, the court
must conduct a balancing test to determine if the probative value of the
evidence is substantially outweighed the 
danger of unfair prejudice, confusion of the issues, misleading the
jury, considerations of undue delay, or needless presentation of cumulative
evidence.  See Rodriguez,
203 S.W.3d at 843; see also Tex.
R. Evid. 403.  Factors to be
considered in making this determination include the probative value of the
evidence, the potential of the evidence to impress the jury in some irrational,
but nonetheless indelible way, the time needed to develop the evidence, and the
proponent’s need for the evidence.  Rodriguez,
203 S.W.3d at 843.

Analysis

            In his
brief, Appellant complains of five instances where extraneous offenses were
admitted into evidence.  Specifically,
Appellant complains that the trial court allowed evidence that he operated a
crack cocaine house on Walnut Street, operated a known “trap” or crack house on
North Hill Street where a search warrant was executed and he was placed under
arrest for possession, sold crack cocaine to Wallace at a hotel in Tyler, was
served with a search warrant at his residence on Kennedy Street, and sold drugs
to an undercover officer at his residence on Walnut Street. 

            Regarding
the extraneous offense of selling crack cocaine to Wallace at a hotel in Tyler,
Appellant complains the trial court erred in admitting State’s Exhibit 1A[3]
and State’s Exhibit 4.  State’s Exhibit
1A is an audiotape of the conversation between Appellant and Wallace setting up
the drug deal at a hotel in Tyler.  After
the evidence was offered, Appellant made no Rule 404(b) objection and the trial
court admitted the evidence.  Only after
the State began publishing the exhibit to the jury did Appellant make a Rule
404(b) objection.  The trial court then
determined that the evidence was relevant to prove opportunity, intent, motive,
and lack of accident or mistake on the part of Appellant.  Appellant has offered no explanation for his
failure to raise a Rule 404(b) objection prior to Exhibit 1A being admitted.

            Generally,
in order for an appellant to argue on appeal that a trial court erred in
admitting evidence, he must have preserved the error at trial by making a
proper objection and securing a ruling on the objection.  See Ethington v. State, 819
S.W.2d 854, 858 (Tex. Crim. App. 1991); see also Tex. R. App. P. 33.1 (describing the necessary steps to
preserve error for appellate review).  An
objection should be made as soon as the ground for objection becomes
apparent.  Lagrone v. State,
942 S.W.2d 602, 618 (Tex. Crim. App. 1997). 
Generally, this occurs when the evidence is admitted.  Dinkins v. State, 894 S.W.2d
330, 355 (Tex. Crim. App. 1995).  If a
party fails to object until after an objectionable question has been asked and
answered, and he can show no legitimate reason to justify the delay, his
objection is untimely and error is waived.  Id.  Similarly,
if a party fails to object until after an objectionable exhibit has been
admitted into evidence, his objection is untimely and error is waived.  Darnell v. State, No.
03-95-00647-CR, 1997 Tex. App. LEXIS 1807, at *11-12 (Tex. App.–Austin Apr. 10,
1997, no pet.)(not designated for publication)(“Appellant’s objection was not
voiced when the exhibit was introduced into evidence.  The objection was not timely and any error in
the admission of [the exhibit] was waived.”); see Perry v. State,
689 S.W.2d 256, 257 (Tex. App.–Waco 1985, no pet.).  Because Appellant did not timely make a Rule
404(b) objection to the admission of State’s Exhibit 1A, any error in the
admission of this evidence is waived.

            State’s
Exhibit 4 is the video recording of the drug deal between Appellant and Wallace
at the hotel in Tyler, which occurred prior to the incident described in the
indictment.  The trial court determined
that the evidence was relevant and admissible to prove motive, opportunity,
intent, preparation, plan, knowledge, identity, and absence of mistake or
accident.  However, the State did not
explain how evidence of this drug deal was relevant when it argued for
admission of the evidence to the trial court, nor has the State presented any
such arguments to this court.  The trial
court did not explain the relevance of the video recording to prove some other
facts in ruling that the evidence was admissible, and we fail to see the
relevance of this evidence.  See Johnston,
145 S.W.3d at 219.  Further, Appellant
was not contesting motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident. 
Thus, these issues would not be a fact of consequence in this case.  See Rankin, 974 S.W.2d at
709-10.  Therefore, the decision to admit
the video recording of the drug deal at the hotel in Tyler was outside the zone
of reasonable disagreement.  See Rodriguez,
203 S.W.3d at 841.

            But a
determination that error occurred is only one part of the analysis.  A nonconstitutional error that does not
affect the substantial rights of the defendant must be disregarded.  Tex.
R. App. P. 44.2(b).  A substantial
right is affected when the error had a substantial and injurious effect or
influence in determining the jury’s verdict. 
King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App.
1997).  The erroneous admission of the
extraneous offense evidence in this case is nonconstitutional error.  See id.  It is well established that the improper
admission of evidence is not harmful error if the same facts are proved by
other properly admitted evidence.  See
McNac v. State, 215 S.W.3d 420, 425 (Tex. Crim. App. 2007);
Brooks v. State, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); Anderson
v. State, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986).

            Here,
Appellant failed to object to testimony that Appellant had sold drugs to
Wallace at a hotel in Tyler and waived objection to the audiotape of the
telephone conversation setting up this drug sale.  Thus, the same facts shown on the video
recording are proved by other properly admitted evidence.  We conclude that the trial court’s error in
admitting the video recording of the drug sale to Wallace at the Tyler hotel is
harmless.   See McNac, 215
S.W.3d at 425; Brooks, 990 S.W.2d at 287; Anderson,
717 S.W.2d at 628. 

            We address
Appellant’s remaining complaints regarding the admission of extraneous offenses
by focusing on the harm issue.  Appellant
did not object to other testimony that he was known to run crack cocaine or “trap”
houses, was involved in drugs, sold crack cocaine, was reported by other
narcotics officers regarding his activities at his residence on Turner Street,
had a residence on North Hill Street that was a known crack house, sold drugs
to undercover officers at his residence on Walnut Street, was served with a
search warrant after June 14, 2006, at his residence on Kennedy Street, had a
search warrant executed on him at his residence at North Hill Street, was
involved in a sale of drugs on May 24, 2006,[4] and was a long time
drug dealer.  Thus, any error in admitting
evidence that Appellant operated a crack cocaine house on Walnut Street,
operated a known “trap” or crack house on North Hill Street where a search
warrant was executed and he was placed under arrest for possession, was served
with a search warrant on Kennedy Street, and sold drugs to an undercover
officer at his residence on Walnut Street is harmless because Appellant did not
object when the evidence was offered in another form.  See Saldano v. State, 232
S.W.3d 77, 102 (Tex. Crim. App. 2007), cert. denied, 76 U.S.L.W. 3454
(U.S. Feb. 25, 2008) (No.07-7815); Leday v. State, 983 S.W.2d
713, 717 (Tex. Crim. App. 1998).

            Appellant’s
first issue is overruled.

 

Disposition

            Having
overruled Appellant’s two issues, the judgment of the trial court is affirmed.

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered March 19,
2008.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)











[1]
See Tex. Health & Safety Code
Ann. § 481.112(a), (d) (Vernon 2003).





[2]
An individual adjudged guilty of a first degree felony shall be punished by
imprisonment for life or for any term of not more than ninety-nine years or less
than five years and, in addition, a fine not to exceed $10,000.  See Tex.
Penal Code Ann. § 12.32 (Vernon 2003).





[3] Incorrectly
identified as State’s Exhibit 2 in Appellant’s brief.

 





[4] This was the sale of crack cocaine to Wallace
at a hotel in Tyler.