COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

EDWARD MOLINA,                                                    No. 08-07-00242-CR

§

        Appellant,                                              Appeal from

§

v.                                                          County Criminal Court at Law No. 2

§

THE STATE OF TEXAS,                                              of El Paso County, Texas

§

        Appellee.                                              (TC # 20070C01573)

§

## **O P I N I O N**

Edward Molina appeals his conviction of indecent exposure. A jury found Appellant guilty and the trial court assessed punishment at one-hundred eighty days in the county jail, probated for two years, and a $2,000 fine with $1,000 probated. For the reasons that follow, we affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

On the afternoon of February 5, 2007, Mirella Canales, an off-duty officer with the El Paso Police Department, was jogging along her normal route in sweats and a t-shirt. At an early point in her route, a "bluish-green" car honked at her and she glanced at its license plate. Later in the jog, Canales noticed the same car parked along the street. The car began to follow her, eventually pulling alongside her as she continued to run. The car stopped, allowed Officer Canales to pass, and then pulled even with her. After the car repeated this pattern several times, Officer Canales stopped and asked Appellant if he needed help. Appellant opened his door, and Canales saw that he was completely naked. She walked toward the vehicle in an attempt to arrest him, but realized that she did not have her badge or gun. As Canales approached the vehicle, she saw that Appellant had an erection and was masturbating. Officer Canales got close enough to see Appellant clearly. She

called 911 and gave a description of Appellant, along with the vehicle's license plate number. Canales verified that the license plate number was the same one she noted earlier in her jog and she advised dispatch that the vehicle was a "greenish" Honda Accord. She described Appellant as a "kid" in his early twenties with dark eyes and a distinctive hair style.

Officer Escobedo, a fellow member of the El Paso Police Department, was dispatched to Officer Canales's home. She described the incident and provided him with all the information regarding Appellant and the vehicle. Escobedo ran the license plate number. A short time later, Canales was escorted to Appellant's residence in an attempt to identify him. Officer Canales recognized the car parked there as the same one she had seen earlier in the day. Officer Escobedo walked by and touched the vehicle's hood. It was not hot, but he could tell it had been driven recently. Appellant's father told Escobedo that Appellant was at work, but both he and his son had driven the car earlier. Canales was introduced to two juveniles and Appellant's father, but none matched Appellant's description. Then as she was leaving, Canales spotted Appellant as the driver of a white car slowly driving by. She recognized his eyes and hair. Appellant parked the car at the house next door and was arrested as he stepped from the vehicle.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue for review, Appellant contends that he was denied the effective assistance of counsel at trial. Specifically, he alleges that his trial counsel: (1) failed to object to improper voir dire by the State; (2) made inflammatory and prejudicial comments during voir dire; (3) failed to object to inadmissible hearsay; (4) failed to properly invoke "the Rule" (Texas Rule of Evidence 614); (5) failed to object to unfounded and speculative testimony; (6) hurt Appellant's case by soliciting prejudicial evidence; and (7) failed to object to improper final argument.

*Standard of Review*

The United States Supreme Court has adopted a two-step analysis as the proper standard for determining claims of ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Appellant must show that his counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Particularly, Appellant must prove by a preponderance of the evidence that his counsel's representation fell below the standard of professional norms. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Second, Appellant must show that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. To establish prejudice, Appellant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.* This two-pronged test is used to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial produced unreliable results. *Mallet v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001).

Appellate review of defense counsel's efficiency is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Mallet*, 65 S.W.3d at 63; *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). The burden to overcome that presumption falls on Appellant. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. The assessment of whether effective assistance was received must be made according to the facts of the case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Any allegation of ineffectiveness must be "firmly founded" in the record. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex.Crim.App. 2005). To defeat the presumption of reasonable professional assistance, the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. In the majority of instances, the record on direct appeal is undeveloped and unable to adequately reflect the failings

of trial counsel. *Thompson*, 9 S.W.3d at 813-14, *citing Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998). It will not sufficiently show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). We cannot speculate that no plausible professional reason exists for a specific act or omission. *Id.* at 836. Counsel should be provided an opportunity to explain their actions before being condemned as unprofessional and incompetent. *Id.* We rarely have the opportunity to make a determination with a record capable of providing a fair evaluation of the merits of an ineffective assistance claim. *See Thompson*, 9 S.W.3d at 813.

*Voir Dire*

Appellant first complains that trial counsel failed to object to the prosecutor's definition of "reasonable doubt" during voir dire, leaving the jury with an "erroneous impression about the State's burden of proof." Appellant also asserts that counsel's own statements regarding indecent exposure were intended to inflame the jury.

In discussing reasonable doubt, the prosecutor stated that it was impossible for the State to prove something to the jury beyond all doubt unless they had been there and seen it with their own eyes. She then told the jury about an example once used by a defense attorney to explain reasonable doubt. Using the podium to illustrate, the defense attorney had said that one side of the podium was "innocence" and the other side was "beyond a reasonable doubt", noting that the State had to reach "beyond the other corner of the podium" to prove the case beyond a reasonable doubt. The prosecutor explained that this example was incorrect because it would be "beyond all doubt" and that reasonable doubt would be "someplace around here (indicating)." The record does not reflect to what area of the podium the prosecutor pointed in her example, but it is obvious she was attempting

to show that "beyond a reasonable doubt" requires less proof than "beyond all doubt." While she could have used a better example, the record does not affirmatively show that her explanation was improper.

Moreover, Appellant did not raise ineffective assistance in his motion for new trial. Consequently, the record does not contain testimony from trial counsel explaining why he did not object to the State's explanation of reasonable doubt. Without testimony from trial counsel, we must presume counsel had a plausible reason for his actions. *See Gibbs v. State*, 7 S.W.3d 175, 179 (Tex.App.--Houston [1st Dist.] 1999, pet. ref'd). Appellant has failed to satisfy the first prong of *Strickland*.

Appellant also complains that counsel failed to object when the prosecutor made comments designed to convince the jury that the State did not have to prove specific intent:

> You might have questions about, why? Why would someone do something like that? We don't have to prove why, what was their motivation, what -- what made them get in that frame of mind. There's so many questions that you might have that are outside the State's burden of proof. All we have to do is prove the elements that are listed beyond a reasonable doubt.

The prosecutor then read the elements of indecent exposure, including the requirement that the State prove Appellant exposed his anus or genitals with intent to arouse or gratify the sexual desire of any person. But later in voir dire, the prosecutor discussed different culpable mental states and the State's obligation to prove that the defendant acted with the specific intent. When the prosecutor's voir dire is read in context, it is evident she was explaining to the jury that the State only had to prove the elements of the offense. The State is not required to prove a defendant's motive. *Bush v. State*, 628 S.W.2d 441, 444 (Tex.Crim.App. 1982). Since the prosecutor's remarks were not improper, trial counsel was not obligated to object. *See Mooney v. State*, 817 S.W.2d 693, 698 (Tex.Crim.App. 1991)(an attorney is not required to make futile objections or motions).

Appellant next alleges that his trial counsel made inappropriate and inflammatory comments by equating indecent exposure with child molestation and aggravated sexual assault. Counsel also told the jury that indecent exposure involved deviant sexual behavior and it was embarrassing to talk about, but the attorneys and the court needed to know how the members of the venire viewed the crime to determine whether they should sit on the jury. It is apparent that counsel was attempting to determine whether the members of the venire had any bias against Appellant because of personal views about sexual offenses. As a result of counsel's inquiry, a number of potential jurors related their own personal experiences or the experiences of family members with indecent exposure and other sexual offenses.

Trial counsel's statements regarding indecent exposure were not meant to inflame the jury and did not constitute ineffective assistance. Although deviant sexual behavior is not mentioned in the statutory definition of indecent exposure, counsel's comments were not inflammatory, offensive, or designed to anger the jury. *Compare Miller v. State*, 728 S.W.2d 133, 134 (Tex.App.--Houston [14th Dist.] 1987, pet. ref'd)(where defense counsel repeatedly asked the prospective jurors if he was making anyone mad and accused a prospective juror of attempting to avoid jury duty, the court of appeals found that defense counsel's comments, when taken together with other errors in the case, amounted to ineffective assistance because they were callous and appeared to anger the jurors). Further, the record reflects that counsel was successful in eliciting from the potential jurors their personal experiences and the existence of any bias against Appellant. Counsel's conduct did not fall below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064.

*Hearsay and Speculative Testimony*

Appellant also maintains counsel rendered deficient performance by failing to object to hearsay and speculative testimony. To present an issue for appellate review, a brief must contain a

"clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP.P. 38.1(h). Conclusory arguments that cite no authorities to support a claim are inadequately briefed and present nothing for review. *See Vuong v. State*, 830 S.W.2d 929, 940 (Tex.Crim.App. 1992).

Appellant contends that the State used inadmissible hearsay to "bolster the weak and missing testimony to its only real witness" and to obtain "prejudicial evidence from an unknown witness." He additionally argues that Officer Escobedo's testimony regarding the Honda Accord started with a "leading question apparently calculated to mislead the jury." Although Appellant cites Texas Rule of Evidence 802 for the proposition that hearsay is inadmissible, he fails to demonstrate that the testimony referenced in his brief constitutes hearsay. *See* TEX.R.EVID. 802. Appellant simply argues that this "evidence clearly was inadmissible hearsay outside of any exceptions to the rule." *See Vuong*, 830 S.W.2d at 940. He likewise offers no authority to support his claim that Escobedo's testimony was speculative, nor does he offer any explanation as to how his testimony was speculative. Accordingly, his complaints present nothing for review. TEX.R.APP.P. 38.1(h); *see Vuong*, 830 S.W.2d at 940 .

### *"The Rule"*

Appellant next addresses counsel's untimely invocation of "The Rule". In Texas, sequestration in litigation is governed by Texas Rule of Evidence 614 and Texas Rule of Civil Procedure 267. *Drilex Systems, Inc. v. Flores*, 1 S.W.3d 112, 116 (Tex. 1999). These rules provide that, at the request of any party, the witnesses on both sides of the case shall be removed from the courtroom so that they cannot hear testimony delivered by any other witnesses. *See* TEX.R.CIV.P. 267(a); TEX.R.EVID. 614. Certain classes of prospective witnesses are exempt from exclusion from the courtroom, including: (1) a party who is a natural person or his or her spouse; (2) an officer of

a party that is not a natural person and who is designated as its representative by its attorney; or (3) a person whose presence is shown by a party to be essential to the presentation of the case. *See* TEX.R.CIV.P. 267(b); TEX.R.EVID. 614. When the Rule is invoked, all parties should request the court to exempt any prospective witnesses whose presence is essential to the presentation of the case. *Flores*, 1 S.W.3d at 117. The burden to establish a witness's presence as essential rests with the party seeking to exempt a witness from the Rule's exclusion. *Id.* Witnesses found to be exempt by the trial court are not "placed under the Rule." *Id.* A violation occurs when a nonexempt prospective witness remains in the courtroom during the testimony of another witness, or when a nonexempt prospective witness learns about another's trial testimony through discussions with persons other than the attorneys assigned to the case or by reading reports or comments about the testimony. *Id.*

Here, the record reveals that as Officer Canales stepped down from the witness stand, she was asked to wait during an eighteen-minute break in the proceedings. Afterward, Officer Escobedo was sworn as a witness. The trial court confirmed that Canales, who was sitting in the courtroom, was subject to recall. Trial counsel invoked the Rule, and both officers were instructed not to discuss the case with each other. Officer Canales left the courtroom as the jury was called back in.

Appellant claims that "allowing the only two [S]tate's witnesses almost twenty minutes to discuss testimony could not have been of benefit" to Appellant. However, there is no evidence that the officers discussed either the case or Canales's testimony during the break. A violation of the Rule occurs if a witness learns about another's trial testimony through discussions with persons other than the attorneys assigned to the case. *Flores*, 1 S.W.3d at 117. Moreover, Appellant concedes that it is "impossible to know if any damage was done by the failure to invoke the rule earlier." Appellant has thus failed to prove that counsel rendered ineffective assistance or that it prejudiced

his defense.

*Prejudicial Evidence*

Next, Appellant argues that counsel's questions to Officer Escobedo regarding Appellant's arrest warrants elicited "highly prejudicial" evidence against him. Any error in trial strategy will be deemed inadequate representation only if counsel's actions are without any plausible basis. *Castoreno v. State*, 932 S.W.2d 597, 601 (Tex.App.--San Antonio 1996, pet. ref'd). Counsel's decision to elicit evidence of Appellant's outstanding animal vaccination warrants could be considered a plausible trial strategy. *Castoreno*, 932 S.W.2d at 601. Counsel may have elicited this information in an attempt to show that Appellant did not immediately pull over due to the outstanding warrants, not because of the indecent exposure offense. In fact, after Escobedo testified that Appellant had eight warrants, counsel asked whether that could have explained why Appellant failed to pull over. The trial court sustained the State's objection. Given the existence of a plausible trial strategy, Appellant has not established deficient performance.

*Improper Jury Argument*

We turn now to Appellant's contentions that counsel was deficient in failing to object to the State's closing argument. Proper jury argument must fall within one of the following areas: (1) summation of the evidence presented at trial; (2) reasonable deductions drawn from the evidence; (3) answers to opposing counsel's argument; and (4) pleas for law enforcement. *Shannon v. State*, 942 S.W.2d 591, 597 (Tex.Crim.App. 1996). In reviewing final arguments, we must consider the statements at issue in the context of the entire jury argument rather than isolated sentences. *Denison v. State*, 651 S.W.2d 754, 761 (Tex.Crim.App. 1983). To constitute reversible error, the argument must be extreme, manifestly improper, or must inject new and harmful facts into evidence. *Id.*

A proper plea for law enforcement can take many forms, one of which is to argue the

relationship between the jury's verdict and the deterrence of crime in general. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex.Crim.App. 1990). Prosecutors may properly argue that juries should deter specific crimes by their verdict. *Id.* The State may also argue the impact of the verdict on the community. *Id.* at 56, *citing Adams v. State*, 685 S.W.2d 661, 671 (Tex.Crim.App. 1985); *Haynes v. State*, 627 S.W.2d 710, 714 (Tex.Crim.App. 1982). However, the State may not argue that the community demands a guilty verdict or a particular punishment. *Id.* An argument is acceptable only if it asks the jury to be the "voice of the community," not if it asks the jury to "lend its ear to the community." *Cortez v. State*, 683 S.W.2d 419, 421 (Tex.Crim.App. 1984).

> The prosecutor argued:
>
> Now, this is an indecent exposure case. It's not a sex crime case, as that term is generally used. No one was raped. You know, no poor child was brutalized and murdered and left in a horrible or horrific condition to be found, no hearts were broken, no parents have had the rest of their lives ruined. But you know what, this is a gateway crime. This is the sort of thing where a person starts out doing a little bit of this, a little bit of that, and before you know it, we sometimes have a monster on our hands. You know, for every one of those cases, there was a time, there was a place, where someone could have stepped in and someone could have done something about it.

Appellant likens the prosecutor's argument to that made in *Moore v. State*, 530 S.W.2d 536 (Tex.Crim.App. 1975), an obscenity case. There, the prosecutor told the jury that if the subject movie, *Deep Throat*, was not obscene, they might as well quit prosecuting obscenity cases and concentrate on sex crimes that arise after people view such things. *Id.* at 537. The trial court overruled the defendant's objection that the argument was outside the record. *Id.* The Court of Criminal Appeals held that the argument was improper because it drew a causal connection between obscene material and sex crimes when there was no evidence to support the argument. *Id.* The court found the argument prejudicial and reversed the conviction because the case was tried in a "charged atmosphere" and the jury imposed the maximum sentence.

Here, there was no evidence that indecent exposure is a "gateway crime" such that persons who commit indecent exposure move on to more heinous offenses. Thus, the prosecutor's argument was improper. *See Moore*, 530 S.W.2d at 537. But we do not know why counsel did not object. Although we are not required to speculate about counsel's trial strategy, it is possible that counsel chose to ignore the argument because it was irrelevant to Appellant's defenses. During final argument, trial counsel focused on alibi testimony and the police officer's credibility while vigorously maintaining that Appellant was innocent. Appellant has not rebutted the presumption that defense counsel's conduct fell within a wide range of reasonable professional assistance.

Appellant also challenges portions of the State's argument as being outside the record. The prosecutor mentioned that Appellant's father and the two juvenile males did not fully cooperate with police when they arrived to investigate, and indeed, Officer Escobedo specifically testified that they were uncooperative. The prosecutor also argued that Officer Canales had consistently identified Appellant as the perpetrator, both shortly after it was committed and again in the courtroom even though it had been several months since she had last seen him. The prosecutor added that "when she came to the courtroom and saw him sitting there, as soon as she stepped off the elevator, she knew that this is the guy." The record supports this argument as well. Canales identified Appellant in the courtroom as the same person who exposed himself; she also testified that she immediately recognized him when she exited the elevators. Because the arguments were a proper summation of the evidence, counsel did not render ineffective assistance by failing to object.

Finally, Appellant complains that the prosecutor bolstered Officer Canales' credibility. Referring to her testimony that Appellant was masturbating, the prosecutor posited that this evidence proved Appellant acted with intent to arouse or gratify his own sexual desire. Appellant provides neither analysis nor authority for his complaint and nothing is presented for our review. *See*

TEX.R.APP.P. 38.1; *Vuong v. State*, 830 S.W.2d 929, 940 (Tex.Crim.App. 1992). We overrule

Appellant's sole point and affirm the judgment of the trial court below.


August 26, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)